

# United States Bankruptcy Court
NORTHERN DISTRICT OF ILLINOIS
219 S. Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner,** Bankruptcy Clerk

Date     June 11, 2008

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

**FILED**

**JUN 1 2 2008**
Jun 12, 2008
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| Case Number | **02 B 48191** |
| Case Name | **UAL Corporation** |
| Notice of Appeal Filed | 5/5/2008 |
| Appellant | **UAL Corp** |

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | | |
|---|---|---|
| ✓ | Transmittal Letter and Civil Cover Sheet | |
| ✓ | Designation and Statement of Issues | |
| | Transcript of Proceeding | |
| | In Forma Pauperis | |

| | |
|---|---|
| | Notice of Appeal |
| ✓ | Copy of Documents Designated |
| ✓ | Exhibits |
| | Expedited Notice of Appeal |

Additional Items Included

[✓] **Cross Appeal & Designation and Statement of Issues filed by**

Appellees Iftikhar Nazir and Phil Horowitz on 5/15/08

**4 Boxes** Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record

**08CV3397
JUDGE DARRAH
MAG. JUDGE LEVIN**

| Previous D C Judge | darrah/levin | Case Number | 03 C 2232 |
|---|---|---|---|

By Deputy Clerk

Revised 03/26/08rj

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., | ) | Case No. 02-B-48191 |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |

### NOTICE OF APPEAL BY REORGANIZED DEBTORS

The Reorganized Debtors by and through their undersigned counsel, and pursuant to 28 U.S.C. § 158 and Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure, hereby file this notice of appeal to the United States District Court for the Northern District of Illinois from the orders docketed as Docket No. 16960, the memorandum opinion docketed as Docket No. 17055, and the order docketed as No. 17056.

The names of the parties to this appeal and the names and addresses of their respective attorneys are as follows:

UAL Corporation, et al., reorganized debtors.

**08CV3397**
**JUDGE DARRAH**
**MAG. JUDGE LEVIN**

Iftikhar Nazir and Phil Horowitz.

Marc Kieselstein, P.C.
David Seligman
Michael B. Slade
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Harold Kaplan
Mark Hebbeln
Foley & Lardner
321 N. Clark, Suite 2800
Chicago, IL 60610



Dated: Chicago, Illinois
      May 5, 2008

**UAL CORPORATION, et al.**

By:    /s/ Michael B. Slade                   
Marc Kieselstein, P.C.  (ARDC No. 6199255)
David R. Seligman (ARDC No. 6238064)
Michael B. Slade (ARDC No. 6274231)
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Counsel for the Reorganized Debtors

K&E 10767587.2

## CERTIFICATE OF SERVICE

I, Michael B. Slade, an attorney, certify that on the 5th day of May 2008, I caused to be served, by e-mail (to parties who have provided an e-mail address), facsimile (to parties who have not provided an e-mail address), by overnight delivery (to all parties in the Core Group who have not provided an e-mail address or a facsimile number) a true and correct copy of the foregoing **Notice Of Appeal By Reorganized Debtors,** on the parties in the attached service list.

Dated: May 5, 2008

/ s /  Michael B. Slade
Michael B. Slade

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re* ) | **Chapter 11** |
| ) | |
| **UAL CORPORATION**, *et al.*, ) | **Case No. 02 B 48191** |
| ) | **(Jointly Administered)** |
| *Reorganized Debtors.* ) | |
| ) | **Honorable Eugene R. Wedoff** |
| ) | |
| ) | |
| ) | |

## ORDER RESOLVING UNITED'S MOTION FOR ORDER HOLDING IFTIKHAR NAZIR AND HIS COUNSEL IN CONTEMPT OF COURT

Upon consideration of the Motion for Order Holding Iftikhar Nazir and His Counsel in Contempt of Court (the "Motion") filed by United Air Lines, Inc. ("United"), in which United seeks, *inter alia*, to hold Iftikhar Nazir ("Nazir") and his California counsel in contempt of Court for commencing and continuing state court litigation against United for, among other things, alleged unlawful harassment, discrimination and discharge (the "California Litigation") in the Superior Court of the State of California in and for the County of San Mateo, Case No. CIV 458060 (the "California State Court"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that subject to the fourth, seventh, eighth, ninth and tenth ORDERED paragraphs below, United's Motion is DENIED; and it is further

ORDERED, that pursuant to 28 U.S.C. § 959(a), and notwithstanding United's chapter 11 filing and the confirmation of the Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"), Nazir was not required to seek leave of this Court to prosecute the California Litigation to the extent such

claims are based on conduct by United or its employees that occurred on or after December 9, 2002 (the "Postpetition Claims"); and it is further

ORDERED, that Nazir may continue to prosecute the Postpetition Claims in the California State Court and in any California state appellate courts to conclusion, including any appeals; and it is further

ORDERED, with respect to Nazir's claims in the California Litigation that are based on conduct of United or its employees that occurred before December 9, 2002 (the "Prepetition Claims"), the Court declines to impose any civil liability on Nazir or his California counsel for the violation of the discharge injunction that took place with respect to the Prepetition Claims, and the filing of the California Litigation by Nazir is deemed to constitute a timely informal proof of claim filed with the Bankruptcy Court; and it is further

ORDERED, Nazir may continue to prosecute the Prepetition Claims in the California State Court and in any California state appellate courts to conclusion, including any appeals; and it is further

ORDERED, that Nazir's right to a jury trial in the California Litigation as to his Postpetition Claims is preserved in accordance with 28 U.S.C. § 959(a); and it is further

ORDERED, that in the California Litigation United and Nazir shall ensure that any amounts awarded to Nazir (if any) are bifurcated between (i) amounts awarded on account of the Prepetition Claims and (ii) amounts awarded on account of the Postpetition Claims; and it is further

ORDERED, that any amounts awarded to Nazir on account of the Prepetition Claims shall be treated as an allowed Class 2E-6 Other Unsecured Claim pursuant to the Plan; and it is further

ORDERED, that any amounts awarded to Nazir on account of Prepetition Claims shall be paid by United in the same manner as allowed Class 2E-6 Other Unsecured Claims pursuant to the Plan and without the need for any further action by this Court; and it is further

ORDERED, that any amounts awarded to Nazir on account of Postpetition Claims shall be treated as an administrative claim under the Plan or as a claim against reorganized United without the need for any further action by this Court.

Dated:    Chicago, Illinois
           December 26 , 2007

                                     United States Bankruptcy Judge

CH01/ 12526148.7

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **UAL Corporation, et al.,** | ) | **Case No. 02-B-48191** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |
| | ) | |
| | ) | |

### MEMORANDUM OPINION

These Chapter 11 cases are before the court on the motion of debtor United Air Lines ("United") seeking reconsideration of an order denying its motion for contempt against a former employee, Iftikhar Nazir, and his counsel. The contempt motion contended that Nazir, who had been fired by United while its business was operating in Chapter 11, violated United's Chapter 11 discharge by challenging the termination of his employment in a California state court action. The contempt motion was denied because Nazir's state court action was authorized by 28 U.S.C. § 959(a).

United now suggests that this decision misapplied § 959(a) by allowing it to trump United's discharge. To the contrary, the decision correctly read § 959(a), which allows a claim arising from the operation of a debtor's business during bankruptcy to be pursued in the forum of the claimant's choice with no limitation based on plan confirmation or discharge. United's plan does require that claims like Nazir's be adjudicated in bankruptcy court, but Nazir was not given effective notice of the plan and so it cannot affect his rights under § 959(a). To this extent the motion for reconsideration will be denied.

However, Nazir's state court complaint also alleges incidents of harassment occurring before United's bankruptcy filing. To the extent that Nazir seeks recovery for these incidents, he was required to file a proof of claim in the bankruptcy case. He failed to do so, has not

demonstrated excusable neglect for his failure, and so cannot pursue such a recovery now. The portion of the court's order that said otherwise will be amended.

### Jurisdiction

Under 28 U.S.C. § 1334(a), the federal district courts have "original and exclusive jurisdiction of all cases under title 11 [the Bankruptcy Code]," but they may refer these cases to the bankruptcy judges for their districts under 28 U.S.C. § 157(a). The bankruptcy cases of United and several related corporations were referred to this court pursuant to Internal Operating Procedure 15(a) of the District Court for the Northern District of Illinois.

Following such a reference, a bankruptcy judge has jurisdiction under 28 U.S.C. § 157(b)(1) to "hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11." The resolution of claims against a debtor's estate is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

### Factual Background

Although the parties dispute the merits of Nazir's employment discrimination claims, the facts relevant to United's motion for reconsideration—and its underlying motion for contempt—are undisputed.

According to his state court complaint, Iftikhar Nazir is a dark-skinned, Pakistani-born Muslim. He became an employee of United in 1989, and remained so employed through December 9, 2002, when United filed its bankruptcy case. On February 27, 2003, this court set a "bar date" for claims of non-governmental creditors that arose on or before the bankruptcy filing. The order required these creditors to file proof of their claims by May 12, 2003; however, the order also provided that claims arising during the administration of the bankruptcy case were not subject to the filing requirement. On April 28, 2003, with help from his union,

2

Nazir filed a proof of claim for "wages, salaries, and compensation" arising before the bank-
ruptcy filing. United ultimately paid this claim in a reduced amount.

Two years after the general claims bar date, on May 9, 2005, United terminated Nazir's
employment. Later that year, on October 3, Nazir responded by filing a complaint against
United with the California Department of Fair Employment and Housing, alleging that his
termination was the result of discrimination based on skin color, religion, and national origin,
and that his supervisor had "always displayed a negative attitude" toward him. (*See* Docket
No. 16934. Ex. B.) Within a week, United received notice and a copy of this complaint. (*Id.*,
Notice of Discrimination Complaint to United's Senior Vice President at SFO, receive-
stamped October 10, 2005.)

Meanwhile, United's bankruptcy case was moving toward plan confirmation. On Sep-
tember 7, 2005, a month before Nazir filed his employment discrimination complaint,
United's solicitation agent notified Nazir of the initially scheduled hearing on the adequacy of
a disclosure statement for a proposed Joint Plan of Reorganization. (*See* Docket No. 12720,
Affidavit of Service by Poorman-Douglas Corp.; the notice is Exhibit I to the Affidavit; service
on Nazir is reflected on Exhibit II, p. 3288.)

On October 27 and 28, 2005, after the court approved an amended version of the
disclosure statement, United's solicitation agent provided over 50,000 copies of the disclosure
statement and an amended plan to parties entitled to notice, together with information regard-
ing the hearing on plan confirmation and deadlines for objecting to and voting on the plan.
(*See* Docket No. 13512.) In particular, the notice stated that the court had set December 12,
2005, as the deadline for objections to plan confirmation. (*Id.* Ex. 1 at 22.) Nazir, however,
was not given this or any other notice regarding plan confirmation.

United ultimately obtained confirmation of a Chapter 11 plan—its Second Amended
Joint Plan of Reorganization—on January 20, 2006. (*See* Docket No. 14829.) Article XI.D of

3

the plan provides that requests for payment of administrative claims (other than specially designated types) "must be filed with the Claims Agent and served upon counsel to the Debtors on or before the Administrative Claim Bar Date." Article I.D.5 defines the "Administrative Claim Bar Date" as 30 days after the plan's effective date, which under Article I.D.83 was a date to be chosen by the debtors after confirmation. United and the other debtors chose February 1, 2006, as the effective date (*see* Docket No. 15047), and so the administrative bar date was March 3, 2006.

For any administrative claim as to which a request for payment is filed before the bar date, Article XI.D of the plan allows United to file an objection, after which "the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim." For administrative claims not subject to a timely-filed request for payment, Article XI.D provides that the claims "shall be disallowed automatically without the need for any objection by the Debtors."

On January 27, 2006, United's solicitation agent served a "Notice of Entry of Confirmation Order and Other Key Relevant Dates" on more than 130,000 parties. (*See* Docket No. 15079, at ¶ 2.) This notice indicated that the effective date of the plan was anticipated to be February 1, 2006, that further notice would be given if a different effective date were specified, that the bar date for filing requests for payment of administrative claims would be 30 days after the effective date, and that Article XI.D of the plan provided further information about administrative claims. This notice was not served on Nazir, and he received no other notice of the administrative claims bar date.

Nazir did not file or serve a request for payment of an administrative claim with respect to his employment discrimination claim prior to the March 3 administrative claims bar date. Rather, on April 4, 2006, Nazir requested that his file with the California Department of Fair Employment and Housing be closed so that he could pursue the claim in court. In compliance with this request, the agency provided Nazir with a "Right-to-Sue" Notice on April 13,

4

2006. On July 7, 2006, Nazir, through counsel, filed an eleven-count complaint in the California Superior Court, demanding a jury trial. The complaint continued to allege that United terminated Nazir's employment based on illegal discrimination and that his supervisor was antagonistic toward him. However, the complaint set out new legal theories and alleged a number of additional incidents of harassment, some occuring before United's bankruptcy filing.

United took no immediate action, either in this court or in the California proceedings, to dismiss Nazir's claims on the basis of disallowance under the plan.[1] On November 9, 2007, however, after more than a year of pretrial proceedings in California, United filed its motion in this court for an order holding Nazir and his counsel in contempt for violating the discharge provided by § 1141(d) of the Bankruptcy Code.[2] The court denied this motion in an oral ruling on December 19, finding that Nazir's actions alleging postpetition misconduct by United (including the termination of his employment) were authorized by 28 U.S.C. § 959(a), and that to the extent Nazir's California complaint sought recovery for prepetition conduct, it should be treated as an informal proof of claim. An order consistent with this ruling was entered on December 26, 2007. (*See* Docket No. 16960.)

United's pending motion seeks reconsideration of this ruling and order.

---

[1] United filed an answer to Nazir's state court complaint which, in addition to generally denying Nazir's factual allegations, stated that "to the extent Plaintiff's claims are based on events that occurred prior to Defendant filing its bankruptcy petition or before Defendant emerged from bankruptcy, such claims are barred and/or subject to the exclusive jurisdiction of the bankruptcy court." However, United did not seek to dismiss the complaint on this basis and instead engaged in substantial pretrial litigation in the California action, involving over 25 days of videotaped depositions and the production of over 25,000 pages of documents.

[2] United also sought contempt sanctions based on exculpation provisions of the plan, but since the exculpation provisions expressly exclude intentional conduct, as alleged in Nazir's state court complaint, these provisions plainly are not violated by the pursuit of that complaint.

5

## Legal Analysis

United's motion for reconsideration raises two distinct sets of legal issues. One set of issues involves claims asserted by Nazir that arose while United's business was being administered in bankruptcy; the other set involves claims that arose before United filed its bankruptcy petition.

### A. *Postpetition administrative expense claims*

Section 503(b)(1)(A) of the Bankruptcy Code provides that the bankruptcy court may allow "administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." Once allowed, these expenses are entitled to be paid before the claims of other unsecured creditors; they are accorded priority over most prepetition claims under § 507(a)(2), and under § 1129(a)(9)(A) any Chapter 11 plan must provide for their full payment unless the claimant otherwise agrees.

In *Reading Co. v. Brown*, 391 U.S. 471 (1968), the Supreme Court construed the provision for payment of administrative expenses set out in the Bankruptcy Act of 1898, the Bankruptcy Code's predecessor. The Court held that administrative expenses included compensation for torts committed in the operation of a debtor's business in bankruptcy, even though the tortious conduct itself did not "preserve" the bankruptcy estate.

> Although there appear to be no cases dealing with tort claims arising during
> Chapter XI proceedings, decisions in analogous cases suggest that "actual and
> necessary costs" should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible.

*Id.* at 483. This understanding has carried over to the interpretation of administrative expenses under § 503(b)(1)(A), which courts have applied to a wide range of actionable conduct taking place after the filing of a bankruptcy case.

> Applying *Reading* . . . courts have concluded that the following claims fall
> within the Code's definition of administrative expenses: tort, trademark infringement, patent infringement, and breach of contract. [A party's] claims sat-

6

isfy the traditional definition of "administrative expenses" so long as they arose from transactions that occurred between it and [debtor] after the petition for bankruptcy . . . .

*In re Eagle-Picher Indus., Inc.,* 447 F.3d 461, 464 (6th Cir. 2006) (citations omitted). Thus, to the extent that United engaged in actionable conduct by discriminating against Nazir during the administration of its estate in bankruptcy, Nazir had a right to payment of an administrative expense for his resulting damages.

United does not contest this. Rather, the underlying question presented by United's contempt motion was whether Nazir pursued his claim in the wrong forum. United asserts that Nazir had to pursue his administrative expense claim in bankruptcy court and that when he failed to do so in the time required by United's plan, his claim was disallowed and discharged. But while any administrative claim may be adjudicated in bankruptcy court, parties claiming injury from the operation of a business in bankruptcy are not limited to that remedy. Nazir properly chose to pursue his employment discrimination claim in a nonbankruptcy forum, and United's plan does not foreclose him from doing so.

      1. *The bankruptcy court procedure under § 503(b).*  The Bankruptcy Code prescribes a procedure for payment of administrative expenses. As noted in *In re Telesphere Communications, Inc.,* 148 B.R. 525, 530 n.13 (Bankr. N.D. Ill. 1992), an entity with a claim for an administrative expense (other than professional compensation, which is treated separately) may file a request with the bankruptcy court under § 503(a) that the court "allows" under § 503(b) in the appropriate amount after notice and a hearing.

Under the Code's procedure, there is no right to a jury trial. As an in rem proceeding, grounded in equity, bankruptcy generally provides no jury trial for disputes regarding a claim against a bankruptcy estate. *See Langenkamp v. Culp,* 498 U.S. 42, 44-45 (1990) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power . . . . As

7

such, there is no Seventh Amendment right to a jury trial."). Claims for payment of an administrative expense are no different from other claims in this regard. *See In re Allied Cos.*, 137 B.R. 919, 925 (S.D. Ind. 1991) (denying a jury trial for a creditor's administrative priority claim because "by invoking the equitable powers of the bankruptcy court to order the claims of creditors . . . one loses the right to a jury trial").

   2. *Nonbankruptcy procedure under 28 U.S.C. § 959(a).* In addition to the Code's procedure, a section of the Judicial Code, 28 U.S.C. § 959(a), provides for alternative adjudication of certain administrative expenses. Section 959(a) states:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

This provision was originally enacted in 1887, to overturn a Supreme Court decision, *Barton v. Barbour*, 104 U.S. 126 (1881), holding that a plaintiff injured by a business subject to a federal receivership could only sue the receiver in a local court after obtaining permission from the federal court in which the business was being administered. The original statute was later extended to bankruptcy trustees and debtors in possession. *See In re Markos Gurnee P'ship*, 182 B.R. 211, 220-22 (Bankr. N.D. Ill. 1995), *aff'd sub nom. Illinois Dep't of Revenue v. Schechter*, 195 B.R. 380 (N.D. Ill. 1996) (setting out the history of § 959(a)).

   By its terms, § 959(a) applies only to a limited range of administrative claims, those arising from the operation of a business in bankruptcy or receivership, as opposed to the liquidation and distribution of its assets. *See, e.g., Muratore v. Darr*, 375 F.3d 140, 144 (1st Cir. 2004) (agreeing with other courts that "'acts or transactions in carrying on business connected with' the bankruptcy estate . . . mean[s] acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enter-

8

prise"). However, the provision plainly applies to "torts committed in furtherance of the debtor's business." *Carter v. Rodgers*, 220 F.3d 1249, 1254 (11th Cir. 2000) (quoting *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272, 276 (2d Cir. 1996)). For such claims, § 959(a) offers a procedure distinct from bankruptcy adjudication, establishing an "unconditional right to bring [an] action in the local courts, and to have the justice and amount of [the] demand determined by the verdict of a jury," in the manner to which the claimant "would be entitled . . . if the property or business were not being administered by the Federal court." *Cableman v. Peoria, Decatur & Evansville Ry.*, 179 U.S. 335, 338 (1900).[3]

Nazir's complaint against United, at least to the extent that it is grounded in the termination of his employment, unquestionably falls within the scope of § 959(a) since it arose from United's conduct, as debtor in possession, in carrying on the business of its bankruptcy estate. Thus, Nazir was authorized, without leave of this court, to pursue this claim as he did, in California administrative and judicial proceedings.

3. *The relationship of § 959(a) to the Bankruptcy Code.* Although § 959(a) plainly is in tension with some of the provisions of the Bankruptcy Code, no court considering the two statutes has ever concluded that the Code implicitly repealed § 959(a).[4]  Instead, courts have dealt with instances of conflict by harmonizing the statutes, so as to accomplish the underlying purposes of each.

---

[3] Because there has been no substantive change in the statutory language since its original enactment—only an expansion of the matters to which it applies—the early interpretations remain applicable. *See Muratore*, 375 F.3d at 144 n.2 (declining to draw any distinction between the current and earlier codifications). For convenience, this opinion uses "§ 959(a)" to refer to the relevant statutory language without regard to the codification in effect at the time of the decisions interpreting that language.

[4] The Supreme Court has recently emphasized that repeal by implication is strongly disfavored. *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 127 S.Ct. 2518, 2532 (2007).

a. *The automatic stay.* For example, the automatic stay of § 362(a)(3) prohibits "any act to obtain . . . property from the estate," yet § 959(a) allows an action arising from the operation of a business in bankruptcy to proceed outside of bankruptcy court. Decisions considering this conflict have resolved it by holding that § 959(a) creates an exception to the automatic stay. *See, e.g., In re Globe Bldg. Materials, Inc.*, 345 B.R. 619, 636 (Bankr. N.D. Ind. 2006) (stating that § 959(a) "provides a rule by which a bankruptcy trustee may be sued . . . without the plaintiff first seeking relief from the automatic stay"); *In re Commercial Fin. Servs., Inc.*, 252 B.R. 516, 529 (Bankr. N.D. Okla. 2000) ; *see also Voice Sys. & Servs., Inc. v. VMX, Inc.*, No. 91-C-88-B, 1992 WL 510121, at °10 (N.D. Okla. 1992) (collecting authorities).[5]

At the same time, however, the courts have recognized that § 959(a) itself reflects the need to protect the bankruptcy court's oversight of estate administration. Although the blanket injunction of the automatic stay does not apply to injuries resulting from the operation of a business in bankruptcy, the second sentence of § 959(a) expressly allows for the exercise of the bankruptcy court's "general equity power . . . so far as the same may be necessary to the ends of justice." Thus, a bankruptcy court may stay a particular nonbankruptcy action commenced under § 959(a) or require that the action proceed in bankruptcy court. *See Jaytee-Penndel Co. v. Bloor (In re Investors Funding Corp.)*, 547 F.2d 13, 16 (2d Cir. 1976) (noting that "a court action against reorganization trustees relating to business activities of the bankrupt . . . may proceed unless the bankruptcy court, exercising sound discretion, finds that the action would embarrass, burden, delay or otherwise impede the reorganization proceedings.").

---

[5] These decisions reflect a basic tenet of statutory construction, that a specific statutory provision (§ 959(a)) governs a more general one (the automatic stay). *See Busic v. United States*, 446 U.S. 398, 406 (1980) ("[A] more specific statute will be given precedence over a more general one, regardless of their temporal sequence.").

10

But again, recognizing the purposes underlying § 959(a), the Supreme Court has warned against an expansive application of the "equitable powers" that § 959(a) reserves: "[T]he right to sue without resorting to the appointing court, which involves the right to obtain judgment, cannot be assumed to have been rendered practically valueless by this further provision in the same section of the statute which granted it." *Texas & Pacific Ry v. Johnson*, 151 U.S. 81, 103 (1894). In particular, § 959(a) prohibits a bankruptcy court from taking action that would deprive a litigant of any right to jury trial. *See Commercial Fin. Servs.*, 252 B.R. at 528 (stating that "a plaintiff does not lose its right to jury trial if its action is involuntarily removed to a court of equity.").[6]

      b. *Enforcement of judgments.* A second area of potential conflict between § 959(a) and the Bankruptcy Code arises in connection with the enforcement of judgments obtained in an action brought under § 959(a). It would obviously disrupt the administration of any estate under court supervision if property of the estate could be seized to satisfy the judgment of another court. However, in harmonizing the effect of § 959(a) with the needs of estate administration, the Supreme Court early on required that judgments against an estate under § 959(a) be enforced in the court overseeing the estate's administration:

> Of course it devolves on the court in possession of the property or funds out of which judgments against its receiver must be paid to adjust the equities between all parties, and to determine the time and manner of payment of judgment creditors necessarily applying for satisfaction from assets so held to the court that holds them.

*Gableman v. Peoria, Decatur & Evansville Ry.*, 179 U.S. 335, 339 (1900). Put in the context of the Bankruptcy Code, this rule limits a nonbankruptcy action brought under § 959(a) to determining the "allowed" amount of an administrative claim arising from the business opera-

---

[6] This court has made no finding that Nazir's nonbankruptcy proceedings would interfere with United's reorganization, and now that the reorganization has been completed with the confirmation of United's Chapter 11 plan, interference would be unlikely.

11

tions of the debtor; payment of that claim must be accomplished through procedures established in the bankruptcy case. Accordingly, while § 959(a) allows Nazir to pursue his claim to judgment in the California court, he would seek payment of a judgment in his favor as an allowed administrative claim in United's bankruptcy case, just as he would if the claim were allowed under the procedures of § 503 of the Bankruptcy Code.

c. *Discharge.* United has suggested a third area of conflict between § 959(a) and the Bankruptcy Code: discharge under a Chapter 11 plan. Section 1141(d)(1)(A) of the Bankruptcy Code provides that the confirmation of a Chapter 11 plan "except as otherwise provided in the plan . . . discharges the debtor from any debt that arose before the date of confirmation." United argues that since § 959(a) claims arise during the period of bankruptcy administration before confirmation, the Chapter 11 discharge eliminates the rights that § 959(a) accords.

This argument is misleading. First, as noted above, § 1129(a)(9)(A) of the Code requires that all administrative claims—including those dealt with by § 959(a)—be paid in full under any Chapter 11 plan. *See CIT Commc'ns Fin. Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.),* 406 F.3d 229, 242 (4th Cir. 2005) (stating that "an administrative expense under § 503(b) must be paid in cash on the effective date of the plan in a chapter 11 proceeding"). Thus, the discharge of these claims under § 1141(d)(1)(A) does not eliminate them; it merely requires that they be paid—in their full allowed amount—pursuant to the provisions of the confirmed plan.[7] Second, there is no reason why a Chapter 11 plan should not preserve litigation rights under § 959(a) by providing that administrative claims within the scope of that section be paid in amounts allowed through adjudication in a nonbankruptcy fo-

---

[7] In other words, although "[c]onfirmation automatically discharges all debts other than those provided for in the plan . . .'each claimant gets a "new" claim, based upon whatever treatment is accorded to it in the plan itself.'" *Holstein v. Brill,* 987 F.2d 1268, 1269 (7th Cir. 1993) (quoting *In re Benjamin Coal Co.,* 978 F.2d 823, 827 (3d Cir. 1992)).

rum. Conflict between § 959(a) and a Chapter 11 discharge, then, would only result from a plan that failed to allow for resolution of claims in the manner provided for in § 959(a), not from the operation of the Bankruptcy Code.

4. *The effect of United's Chapter 11 plan.* United's plan appears to prevent adjudication of administrative claims pursuant to § 959(a). Article XI.D provides that all administrative claims not previously allowed must be pursued through a request for payment "filed with the Claims Agent and served upon counsel to the Debtors on or before the Administrative Claim Bar Date," that any claim as to which such a request is not timely filed and served is "disallowed automatically," and that the bankruptcy court will determine any timely-filed request to which United objects.

This provision could have been subject to an objection to confirmation. Section 1129(a)(3) of the Bankruptcy Code establishes as a requirement for confirming any Chapter 11 plan that the plan be proposed in good faith and "not by any means forbidden by law." A plan purporting to prevent a party with a § 959(a) claim from adjudicating the claim outside of bankruptcy court would contradict the right accorded by § 959(a) and so would at least appear to employ a means forbidden by law. No objection was made, however, and the plan was confirmed, making its terms binding on creditors under § 1141(a) "whether or not [they] accepted the plan"— as long as they received adequate notice, a point discussed below.

In two respects, Nazir failed to pursue his administrative expense claim in the manner required by United's plan: he did not file or serve the specified request for payments, and he sought to adjudicate the claim as allowed by § 959(a) rather than in bankruptcy court. If the plan were binding on Nazir, United would be correct that his pursuit of the claim violated United's Chapter 11 discharge.

5. *Adequacy of notice.* United's Chapter 11 plan is not binding on Nazir, however, be-
cause he did not receive adequate notice. In *Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306, 314 (1950), the Supreme Court established the minimum standard for notice
consistent with the constitutional guarantee of due process:

> An elementary and fundamental requirement of due process in any proceeding
> which is to be accorded finality is notice reasonably calculated, under all the cir-
> cumstances, to apprise interested parties of the pendency of the action and
> afford them an opportunity to present their objections.

The Court went on to say that "when notice is a person's due, process which is a mere gesture
is not due process. The means employed must be such as one desirous of actually informing
the absentee might reasonably adopt to accomplish it." *Id.* at 315. In *Mullane* itself, the Court
applied this standard in the context of hearings on the administration of commonly managed
trusts and held that each trust beneficiary whose identity and address could readily be ascer-
tained was entitled to individual notice by mail of the hearings; mailed notice of the law re-
quiring the hearings and published notice of the actual hearings were insufficient. The stan-
dard of due process set out in *Mullane* is fully applicable in bankruptcy. *Fogel v. Zell*, 221
F.3d 955, 962 (7th Cir. 2000) ("[T]he general norms of fair notice, as set forth in *Mullane* . . .
and other such cases, apply to bankruptcy as to other settings in which a person's legal right is
extinguished if he fails to respond to a pleading.").

There were two points in United's bankruptcy where Nazir faced the loss of rights with
respect to his employment claims if he failed to respond. The first was the December 12,
2005 deadline for objections to confirmation of United's plan, which proposed to extinguish
the right to adjudicate claims in local courts under § 959(a). The second was the March 3,
2006 administrative bar date, after which all administrative claims were automatically disal-
lowed and discharged under the plan. United has the burden of establishing that Nazir re-
ceived adequate notice of these matters. *See In re Savage Indus.*, 43 F.3d 714, 721 (1st Cir.

14

1994) (holding that a Chapter 11 debtor in possession has the burden of showing appropriate notice before a claim can be extinguished). Nazir was not given individual notice of either of these matters, despite United's prior receipt of his employment discrimination claim, and United has made no showing that individual notice would have been impractical.[8]

United has argued that Nazir was nevertheless given adequate notice of the confirmation and bar date matters, pointing to a notice Nazir received concerning a hearing on the adequacy of a disclosure statement for a plan proposed by United.

The mere receipt of some notice, however, does not satisfy due process. As the Seventh Circuit has observed: "[A]dequate notice has two basic elements: content and delivery. If the notice is unclear, the fact that it was received will not make it adequate." *Fogel*, 221 F.3d at 962. The one-page notice United cites did not include a copy of the disclosure statement or the plan; rather, it said that these documents were "available for viewing by accessing the debtors' private website . . . or by contacting the debtors' solicitation agent." The notice said nothing about the effect of the plan on holders of administrative claims, and it gave no information about any hearing on confirmation of a plan or any deadline for objections.

In the briefing of its contempt motion, United argued that if Nazir had read—"as instructed"— the disclosure statement referenced in the notice of the adequacy hearing, he would have "learned" about the hearing on confirmation, the objection deadline, and administrative claim bar date. There are several problems with this argument. First, the notice did not instruct Nazir to read the proposed disclosure statement and plan; it merely noted the

---

[8] United acknowledged receipt of Nazir's claim with the California Department of Fair Employment & Housing on October 10, 2005, two months before the December 12 objection deadline set by the court. United provided notice of the objection deadline and plan confirmation hearing to other parties in interest on October 27 and 28, and has given no reason why timely individual notice could not have been provided to Nazir. Similarly, United provided individual notice of the administrative bar date to other potential administrative claimants on January 27, 2006, and again has given no reason why Nazir could not have been provided with this notice.

15

availability of those documents. Second, the notice gave no indication that information regarding plan confirmation or administrative claims could be found in the disclosure statement. Third, and most important, the disclosure statement referenced in the notice could not reasonably have been relied on because the court had not yet approved it.

Under § 1125(b) of the Bankruptcy Code, a hearing on confirmation of a plan can only be held *after* the court has approved a disclosure statement as containing adequate information, defined in § 1125(a) as "information of a kind, and in sufficient detail . . . in light of the nature and history of the debtor and the condition of the debtor's books and records that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." Unless a party receiving notice of the adequacy hearing had the expertise to comment on the sufficiency of the information contained in the disclosure statement, there would be no reason to examine the statement. A non-expert claimant like Nazir would reasonably wait until he received a court-approved disclosure statement before studying the document. And having received notice of the adequacy hearing, a party in Nazir's position would expect that if the court approved a disclosure statement, he would receive a copy. Thus, the notice of a hearing on the adequacy of a disclosure statement did not provide Nazir with information reasonably calculated to inform him of the deadline for objecting to plan confirmation or the administrative claims bar date.

Because Nazir received no subsequent notice of these matters until the relevant deadlines had passed, United can only prevail on the question of adequate notice if Nazir, knowing of United's bankruptcy, had an obligation to inform himself of these deadlines. United cites one decision that so holds, *Sequa Corp. v. Christopher* (*In re Christopher*), 28 F.3d 512, 517 (5th Cir. 1994). The *Christopher* decision, however, is in a clear minority. The majority rule is stated in *Berger v. Trans World Airlines, Inc.* (*In re Trans World Airlines, Inc.*), 96 F.3d 687, 690 (3d Cir. 1996) ("It is well-settled that a known creditor is entitled to formal notice of

16

impending bankruptcy proceedings . . . . This is true even where, as here, the creditor has actual knowledge of the pendency of bankruptcy proceedings generally, but is not given formal notice of the confirmation hearing.").[9]  *See also* 8 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1141.06 at 1141-33 (15th ed. rev. 2007) (collecting authorities holding that "a creditor that had actual knowledge of the bankruptcy may not be bound by the provisions of the confirmed plan if the creditor did not receive notice of the bar date or the confirmation hearing").[10]

The majority rule properly follows the constitutional standard set out in *Mullane.* Just as in *Mullane,* where individual notice of the state law requiring certain hearings on trust fund administration failed to provide adequate notice of the hearings themselves, so mere knowledge of the pendency of a Chapter 11 case fails to put a creditor on notice of the hearing on confirmation or the bar date for administrative claims. *See City of New York v. New York, New Haven & Hartford R.R. Co.,* 344 U.S. 293, 296-97 (1953) (citing *Mullane* and holding that a creditor without individual notice could not be bound by a claims bar date imposed under the Bankruptcy Act of 1898, despite the creditor's knowledge of the bankruptcy case).

---

[9] The *Trans World* decision dealt with a situation identical to Nazir's. The operation of a business in Chapter 11 resulted in a claim against the debtor in possession. The plaintiff filed the claim sufficiently in advance of the hearing on plan confirmation that the debtor could have given the plaintiff individual notice of the hearing but did not. Even though the plaintiff was generally aware of the bankruptcy case, the debtor's failure to provide individual notice of the confirmation hearing resulted in the plaintiff's claim surviving discharge under the plan.

[10] United also cites *In re Longardner & Assocs., Inc.,* 855 F.2d 455 (7th Cir. 1988), as supporting its position that Nazir was not entitled to individual notice of the hearing on confirmation. In *Longardner,* however, the court dealt with a factual dispute as to whether a creditor had received individual notice of a confirmation hearing. The court considered the evidentiary questions involved and affirmed a finding by the bankruptcy court that the creditor had indeed received individual notice of the hearing. *Id.* at 460, 465. These matters would have been irrelevant had mere knowledge of the bankruptcy satisfied due process. *Longardner,* then, is consistent with the majority rule requiring individual notice of events in a Chapter 11 case that can result in the loss of creditors' rights.

17

In short, Nazir was not given constitutionally adequate notice either of the hearing on confirmation of United's Chapter 11 plan proposing to eliminate his rights under § 959(a) or of the administrative claims bar date established by the plan. His action in pursuing his administrative claims in the California proceedings therefore was not in contempt of the discharge resulting from confirmation of the plan.

### B. Prepetition claims

In addition to claims based on the termination of his employment and acts of harassment allegedly occurring during United's bankruptcy, Nazir's state court complaint also alleges incidents of harassment occurring before United filed its bankruptcy petition. Nazir's prepetition claims are in a different position from the administrative claims arising from alleged postpetition conduct by United. Nazir has not denied that he had actual notice of the May 12, 2003 bar date for filing proofs of prepetition claims; indeed, he filed a timely proof of claim for prepetition compensation. Nazir did not file a timely proof of claim for damages arising from any prepetition employment-related harassment; he has made no showing of excusable neglect under Rule 9006(b)(1) that would allow the period for filing to be enlarged retroactively; and his complaint to the California Department of Fair Employment and Housing cannot serve as a timely informal proof of claim because it was filed on October 3, 2005, long after the deadline for filing prepetition claims had expired.

Under § 502(b)(9) of the Bankruptcy Code, untimely proofs of claim are generally disallowed. Article VIII.F of United's plan properly provides that disallowed claims are to receive no distribution. Nazir could not have presented an effective objection to this provision even if he had been given timely notice of the hearing on plan confirmation. Accordingly, any claims of Nazir arising from prepetition harassment by United were discharged under § 1141(d), and Nazir cannot pursue collection of these claims without violating the discharge injunction.

18

However, Nazir did not violate the discharge injunction simply by including allegations of prepetition harassment in his state court complaint. The admissibility of discrete, time-barred acts of discrimination is controlled by the rules of evidence. *Lyons v. England*, 307 F.3d 1092, 1111 (9th Cir. 2002). Although Nazir is not able to recover on the basis of prepetition acts of discrimination, those acts may still be admissible to bolster his claim for wrongful discharge. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (noting that "[a] discriminatory act which is not made the basis for a timely charge . . . may constitute relevant background evidence in a proceeding"); *Lyons*, 307 F.3d at 1111-12 (holding that time-barred denials of promotion were "relevant as background and may be considered by the trier of fact in assessing the defendant's liability for plaintiffs' [later] denials of promotion").

### Conclusion

For the reasons stated above, United's motion for reconsideration will be granted only in part. The order resolving United's motion for contempt will continue to deny the relief sought in that motion, but will be amended to state that while Nazir and his counsel have not acted in contempt of United's bankruptcy discharge by pursuing his employment claims in California proceedings, Nazir may not seek recovery in those proceedings for any acts of United that took place before the date of United's bankruptcy filing.

Dated: April 24, 2008

Eugene R. Wedoff
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Chapter 11** |
| **UAL CORPORATION, et al.,** | ) | |
| | ) | **Case No. 02-B-48191** |
| **Reorganized Debtors** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |

## ORDER RESOLVING UNITED'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REGARDING LITIGATION BROUGHT BY IFTIKHAR NAZIR

These cases having come before the court on the motion of United Air Lines, Inc. ("United") for reconsideration of the court's order of December 26, 2007 (Docket No. 16960), denying United's motion for contempt against Iftikhar Nazir and his counsel, the court having considered the arguments of counsel, and having issued a Memorandum Opinion dealing with the matters raised by the motion for reconsideration,

IT IS HEREBY ORDERED, for the reasons stated in the Memorandum Opinion, in the order of December 26, 2007

(1) "Ordered" Paragraph 4 (the second full paragraph on the second page of the order) be amended to read as follows:

ORDERED, that Nazir may not seek or obtain any recovery with respect to claims in the California Litigation based on conduct of United or its employees that occurred before December 9, 2002 (the "Prepetition Claims"), but that Nazir may present evidence regarding the Prepetition Claims to the extent relevant to determination of the Postpetition Claims.

(2) "Ordered" Paragraphs 5, 7, 8, and 9 (the third, fifth, and sixth full paragraphs on the second page of the order and the first full paragraph on the third page) be deleted; and

(3) all other provisions of the order remain as originally entered.

Dated: April 24, 2008

Eugene R. Wedoff
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., | ) | Case No. 02-B-48191 |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |

### NOTICE OF CROSS-APPEAL

Iftikhar Nazir and Phil Horowitz, by and through their undersigned counsel, and pursuant to 28 U.S.C. § 158 and Rule 8002 of the Federal Rules of Bankruptcy Procedure, hereby file this notice of cross-appeal to the United States District Court for the Northern District of Illinois from the memorandum opinion docketed as Docket No. 17055 and the order docketed as Docket No. 17056.

The names of the parties to this appeal and the names and addresses of their respective attorneys are as follows:

UAL Corporation, et al., reorganized debtors.

Marc Kieselstein, P.C.
David Seligman
Michael B. Slade
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Iftikhar Nazir and Phil Horowitz.

Harold Kaplan
Mark Hebbeln
Amy Strong
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)

Dated: May 15, 2008

**IFTIKHAR NAZIR AND PHIL HOROWITZ**

By:   /s/ Mark F. Hebbeln

Harold L. Kaplan (ARDC No. 3125293)
Mark F. Hebbeln (ARDC No. 6272385)
Amy L. Strong (ARDC No. 6287493)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL  60610
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)

Counsel for Iftikhar Nazir and Phil Horowitz

2

## CERTIFICATE OF SERVICE

The undersigned, an attorney hereby certifies that on May 15, 2008, she caused the foregoing **Notice of Cross-Appeal** to be filed electronically through the CM/ECF system and served upon the counsel of record, along with a copy being deposited in the United States mail chute located at 321 North Clark Street, Chicago, Illinois 60610, proper postage prepaid and addressed to the individuals listed on the attached Service List.

/s/ Mark F. Hebbeln

## SERVICE LIST

| | |
|---|---|
| Reorganized Debtors:<br>United Air Lines, Inc.<br>WHQLD<br>1200 East Algonquin Road<br>Elk Grove Village, Illinois 60007<br>Attn:   John Lakosil<br>Phone:          (847) 700-4462<br>Facsimile:     (847) 700-4683 | Counsel to Reorganized Debtors:<br>Kirkland & Ellis<br>200 East Randolph Street<br>Chicago, Illinois 60601<br>Attn:   James H.M. Sprayregen, P.C.<br>           Marc Kieselstein, P.C.<br>           David R. Seligman<br>           Erik W. Chalut<br>Phone:          (312) 861-2000<br>Facsimile:     (312) 861-2200 |
| Office of the United States Trustee:<br>227 West Monroe Street, Suite 3350<br>Chicago, Illinois 60606<br>Attn:   Stephen Wolfe<br>Phone:          (312) 886-5785<br>Facsimile:     (312) 886-5794 | Counsel to the Reorganized Debtors' debtor in possession lender (CIT Group):<br>Schulte, Roth & Zabel<br>919 Third Avenue<br>New York, New York 10022<br>Attn:   Robert J. Mrofka<br>Phone:          (212) 756-2000<br>Facsimile:     (212) 593-5955 |
| Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP Morgan):<br>Morgan, Lewis & Bockius, LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn:   Richard S. Toder<br>           Jay Teitelbaum<br>Phone:          (212) 309-6000<br>Facsimile:     (212) 309-6001 | Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP Morgan):<br>Kaye Scholer, LLP<br>3 First National Plaza, Suite 4100<br>70 West Madison Street<br>Chicago, Illinois 60602<br>Attn:   Michael B. Solow<br>Phone:          (312) 583-2300<br>Facsimile:     (312) 583-2360 |
| Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (General Electric Capital Corporation):<br>Weil, Gotschal & Manges, LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:   Richard P. Krasnow<br>           Scott E. Cohen<br>Phone:          (212) 310-8000<br>Facsimile:     (212) 310-8007 | Official Notice and Claims Agent:<br>Poorman-Douglas Corporation<br>10300 SW Allen Boulevard<br>Beaverton, Oregon 97005<br>Attn:   Tina Wheelon<br>Phone:          (503) 277-7999<br>Facsimile:     (503) 350-5230 |

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: UAL CORPORATION, et al., | ) ) ) | Case No. 02 B 48191 (Jointly Administered) Chapter 11 |
| Reorganized Debtors. | ) ) ) | Judge Eugene R. Wedoff |

## UNITED AIR LINES, INC.'S RECORD DESIGNATIONS AND STATEMENT OF ISSUES FOR ITS APPEAL RELATED TO IFTIKHAR NAZIR

Pursuant to Federal Rule of Bankruptcy Procedure 8006, UAL Corporation and United Air Lines, Inc. (collectively, "United" or the "Reorganized Debtors") identify the following issues to be considered on appeal, and the following items in the record, for United's Notice of Appeal (Docket No. 17062) with respect to Iftikhar Nazir and his counsel.

## STATEMENT OF ISSUES ON APPEAL

Did the Bankruptcy Court err as a matter of law in finding that 11 U.S.C. § 929 preserves claims for alleged employment discrimination during the course of a bankruptcy case, even after those claims are discharged by 11 U.S.C. § 1141?

Did the Bankruptcy Court err as a matter of law in finding that Iftikhar Nazir received insufficient notice of United's Disclosure Statement and Plan of Reorganization, even though he was served with a notice informing him that the documents had been filed and the procedures by which he could obtain the documents, and even though he testified that he probably received the documents?

Did the Bankruptcy Court err in finding that Iftikhar Nazir had the right to pursue his employment discrimination lawsuit, for pre-confirmation (but post-petition) conduct, after United was discharged by its Plan of Reorganization and the order confirming United's Plan?

## RECORD DESIGNATIONS

| Date Entered | Docket No. | Document |
|---|---|---|
| 11/18/03 | 4620 | United's Fifth Omnibus Objection to Claims |
| 11/18/03 | 4621 | Notice of Filing |
| 12/17/03 | 4937 | United's Reply in Support of its Fifth Omnibus Objection to Claims |
| 12/19/03 | 4961 | Order |
| 9/7/05 | 12640 | Disclosure Statement |
| 9/14/05 | 12720 | Affidavit of Service |
| 11/15/05 | 13534 | Declaration of Publication |
| 1/20/06 | 14829 | Order Confirming Plan of Reorganization |
| 11/9/07 | 16893 | United Motion for Contempt |
| 12/12/07 | 16934 | Objection to United Motion |
| 12/17/07 | 16939 | United's Reply in Support of Motion |
| 12/19/07 | -- | Hearing Transcript |
| 12/26/07 | 16960 | Order |
| 1/4/08 | 16965 | United's Motion for Reconsideration |
| 1/16/08 | 16971 | Objection to United's Motion |
| 1/21/08 | 16980 | United's Reply in Support of Motion |
| 1/23/08 | -- | Hearing Transcript |
| 4/24/08 | 17055 | Memorandum Opinion |
| 4/24/08 | 17056 | Order |
| 5/5/08 | 17062 | Notice of Appeal |

United reserves the right to further supplement the record if necessary.

Dated:   May 15, 2008

Respectfully submitted,

United Air Lines, Inc.

By:   ___/s/ Michael B. Slade___
Michael B. Slade
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Attorney for United

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the attorneys of record for Iftikhar Nazir and Phil Horowitz this 15th day of May, 2008:

Harold Kaplan
Mark Hebbeln
Foley & Lardner
321 N. Clark, Suite 2800
Chicago  IL  60610

/s/   Michael B. Slade

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UAL CORPORATION, et al., | ) | Case No. 02-B-48191 |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |

## CROSS-APPELLANTS AND APPELLEES' RECORD DESIGNATIONS AND STATEMENT OF ISSUES ON APPEAL

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Iftikhar Nazir ("Nazir") and Phil Horowitz ("Horowitz"), Cross-Appellants and Appellees, by and through their undersigned counsel, hereby file this statement of issues and designation of contents of the record with respect to their cross-appeal filed on May 15, 2008 [Docket No. 17079] from the Memorandum Opinion dated April 24, 2008 [Docket No. 17055] and the Order dated April 24, 2008 [Docket No. 17056]. The designation herein includes both the Reorganized Debtors' record designations and additional items to be included in both the record on the Reorganized Debtors' appeal and Nazir and Horowitz's cross-appeal.

## STATEMENT OF ISSUE ON CROSS-APPEAL

1.    Whether the Bankruptcy Court, having held that the Reorganized Debtors' chapter 11 plan contains a provision that violates 28 U.S.C. §959(a) and therefore employs a "means forbidden by law" under 11 U.S.C. §1129(a)(3), erred in holding that such provision is nonetheless binding on creditors.

## REORGANIZED DEBTORS' RECORD DESIGNATIONS

| Date Entered | Docket No. | Document |
|---|---|---|
| 11/18/03 | 4620 | United's Fifth Omnibus Objection to Claims |
| 11/18/03 | 4621 | Notice of Filing |
| 12/17/03 | 4937 | United's Reply in Support of its Fifth Omnibus Objection to Claims |
| 12/19/03 | 4961 | Order |
| 9/7/05 | 12640 | Disclosure Statement |
| 9/14/05 | 12720 | Affidavit of Service |
| 11/15/05 | 13534 | Declaration of Publication |
| 1/20/06 | 14829 | Order Confirming Plan of Reorganization |
| 11/9/07 | 16893 | United Motion for Contempt |
| 12/12/07 | 16934 | Objection to United Motion |
| 12/17/07 | 16939 | United's reply in Support of Motion |
| 12/19/07 | ------- | Hearing Transcript |
| 12/26/07 | 16960 | Order |
| 1/4/08 | 16965 | United's Motion for Reconsideration |
| 1/16/08 | 16971 | Objection to United's Motion |
| 1/21/08 | 16980 | United's Reply in Support of Motion |

2

## STATEMENT OF ISSUE ON CROSS-APPEAL

1.     Whether the Bankruptcy Court, having held that the Reorganized Debtors' chapter 11 plan contains a provision that violates 28 U.S.C. §959(a) and therefore employs a "means forbidden by law" under 11 U.S.C. §1129(a)(3), erred in holding that such provision is nonetheless binding on creditors.

## REORGANIZED DEBTORS' RECORD DESIGNATIONS

| Date Entered | Docket No. | Document |
|---|---|---|
| 11/18/03 | 4620 | United's Fifth Omnibus Objection to Claims |
| 11/18/03 | 4621 | Notice of Filing |
| 12/17/03 | 4937 | United's Reply in Support of its Fifth Omnibus Objection to Claims |
| 12/19/03 | 4961 | Order |
| 9/7/05 | 12640 | Disclosure Statement |
| 9/14/05 | 12720 | Affidavit of Service |
| 11/15/05 | 13534 | Declaration of Publication |
| 1/20/06 | 14829 | Order Confirming Plan of Reorganization |
| 11/9/07 | 16893 | United Motion for Contempt |
| 12/12/07 | 16934 | Objection to United Motion |
| 12/17/07 | 16939 | United's reply in Support of Motion |
| 12/19/07 | ------- | Hearing Transcript |
| 12/26/07 | 16960 | Order |
| 1/4/08 | 16965 | United's Motion for Reconsideration |
| 1/16/08 | 16971 | Objection to United's Motion |
| 1/21/08 | 16980 | United's Reply in Support of Motion |

2

| | | |
|---|---|---|
| 1/23/08 | ------- | Hearing Transcript |
| 4/24/08 | 17055 | Memorandum Opinion |
| 4/24/08 | 17056 | Order |
| 5/5/08 | 17062 | Notice of Appeal |

## ADDITIONAL RECORD DESIGNATIONS BY NAZIR AND HOROWITZ

| Date Entered | Docket No. | Document |
|---|---|---|
| 11/14/05 | 13512 | Declaration of Poorman-Douglas Corporation Regarding Service of Solicitation Documents |
| 2/2/06 | 15079 | Affidavit of Service by Poorman-Douglas Corporation Regarding Debtors' Notice of Entry of Confirmation Order and other Key Relevant Dates |
| 5/15/08 | 17079 | Notice of Cross-Appeal |

Nazir and Horowitz reserve the right to further supplement the record if necessary.

Dated: May 27, 2008    **IFTIKHAR NAZIR AND PHIL HOROWITZ**

By:  /s/ Mark F. Hebbeln

Harold L. Kaplan (ARDC No. 3125293)
Mark F. Hebbeln (ARDC No. 6272385)
Amy L. Strong (ARDC No. 6287493)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL  60610
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)

Counsel for Iftikhar Nazir and Phil Horowitz

3

## CERTIFICATE OF SERVICE

The undersigned, an attorney hereby certifies that on May 27, 2008, she caused the foregoing **Cross-Appellants and Appellees' Record Designations and Statement of Issues on Appeal** to be filed electronically through the CM/ECF system and served upon the counsel of record, along with a copy being deposited in the United States mail chute located at 321 North Clark Street, Chicago, Illinois 60610, proper postage prepaid and addressed to the individuals listed on the attached Service List.

/s/ Mark F. Hebbeln

4

**SERVICE LIST**

| | |
|---|---|
| Reorganized Debtors:<br>United Air Lines, Inc.<br>WHQLD<br>1200 East Algonquin Road<br>Elk Grove Village, Illinois 60007<br>Attn:   John Lakosil<br>Phone:          (847) 700-4462<br>Facsimile:      (847) 700-4683 | Counsel to Reorganized Debtors:<br>Kirkland & Ellis<br>200 East Randolph Street<br>Chicago, Illinois 60601<br>Attn:   James H.M. Sprayregen, P.C.<br>          Marc Kieselstein, P.C.<br>          David R. Seligman<br>          Erik W. Chalut<br>Phone:          (312) 861-2000<br>Facsimile:      (312) 861-2200 |
| Office of the United States Trustee:<br>227 West Monroe Street, Suite 3350<br>Chicago, Illinois 60606<br>Attn:   Stephen Wolfe<br>Phone:          (312) 886-5785<br>Facsimile:      (312) 886-5794 | Counsel to the Reorganized Debtors' debtor in possession lender (CIT Group):<br>Schulte, Roth & Zabel<br>919 Third Avenue<br>New York, New York 10022<br>Attn:   Robert J. Mrofka<br>Phone:          (212) 756-2000<br>Facsimile:      (212) 593-5955 |
| Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP Morgan):<br>Morgan, Lewis & Bockius, LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn:   Richard S. Toder<br>          Jay Teitelbaum<br>Phone:          (212) 309-6000<br>Facsimile:      (212) 309-6001 | Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (Citibank and JP Morgan):<br>Kaye Scholer, LLP<br>3 First National Plaza, Suite 4100<br>70 West Madison Street<br>Chicago, Illinois 60602<br>Attn:   Michael B. Solow<br>Phone:          (312) 583-2300<br>Facsimile:      (312) 583-2360 |
| Counsel to the Reorganized Debtors' debtor in possession lender and exit lender (General Electric Capital Corporation):<br>Weil, Gotschal & Manges, LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:   Richard P. Krasnow<br>          Scott E. Cohen<br>Phone:          (212) 310-8000<br>Facsimile:      (212) 310-8007 | Official Notice and Claims Agent:<br>Poorman-Douglas Corporation<br>10300 SW Allen Boulevard<br>Beaverton, Oregon 97005<br>Attn:   Tina Wheelon<br>Phone:          (503) 277-7999<br>Facsimile:      (503) 350-5230 |

CHIC_2982729.2