## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-CV-3397 |
| UAL CORPORATION, et al., | ) | Judge John W. Darrah |
| | ) | |
| Reorganized Debtors. | ) | Appeal from Case No. 02-B-48191 |
| | ) | Judge Eugene R. Wedoff |
| | ) | |


## OPENING BRIEF OF IFTIKHAR NAZIR AND PHIL HOROWITZ IN OPPOSITION TO THE APPEAL OF UNITED AIR LINES, INC. AND IN SUPPORT OF NAZIR AND HOROWITZ'S CROSS-APPEAL

Harold L. Kaplan (ARDC No. 3125293)
Mark F. Hebbeln (ARDC No. 6272385)
Amy L. Strong (ARDC No. 6287493)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, Illinois 60654-5313
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)

Counsel for the Appellees and Cross-Appellants

# TABLE OF CONTENTS

Introduction ................................................................................................................ 1

Basis of Appellate Jurisdiction ................................................................................. 3

Statement of Issues on Appeal and Cross-Appeal ..................................................... 3

Standard of Appellate Review .................................................................................... 4

Statement of the Case ................................................................................................ 5

Statement of Facts ..................................................................................................... 7

      A.    United Files for Bankruptcy, Fires Nazir, and Nazir Alleges
            Discrimination ............................................................................................ 7

      B.    United's Plan is Confirmed, But Nazir Receives No Notice of the
            Confirmation Hearing or the Administrative Claims Bar Date. ............................ 7

      C.    Nazir Files Suit in State Court, and United Files a Motion to Hold Nazir
            and His Counsel in Contempt 16 Months Later ...................................................... 8

      D.    The Bankruptcy Court Denies United's Contempt Motion, and United
            Appeals. ...................................................................................................... 9

Argument ................................................................................................................... 10

      A.    The Bankruptcy Court Exercised Its Jurisdiction Appropriately in
            Declining to Hold Nazir in Contempt of Court or Impose Sanctions on
            Him. .......................................................................................................... 10

      B.    The Bankruptcy Court Correctly Ruled that United Failed to Provide Nazir
            with Adequate Notice and, Therefore, that United's Chapter 11 Plan and
            Administrative Claims Bar Date Are Not Binding on Nazir. ............................... 12

            1.    United Did Not Provide Nazir Notice of the Plan Confirmation
                     Hearing. ........................................................................................ 12

            2.    United Did Not Provide Nazir Notice of the Administrative Claims
                     Bar Date. ...................................................................................... 13

             3.    United's Attempts to Obfuscate the Bankruptcy Court's Common
                     Sense Ruling  Do Not Withstand Even Casual Scrutiny. ...................... 15

C.    The Bankruptcy Court Correctly Ruled that Section 959(a) Permits
      Certain Post-petition Creditors, like Nazir, to Pursue their Claims Outside
      of the Bankruptcy Court ..................................................................................... 20

      1.    The Plain Language of Section 959(a) Authorizes Nazir to Pursue
            His Claims in the Appropriate Non-Bankruptcy Forum ........................... 21

      2.    United Misconstrues the Effect of Section 1141(d) and Thus
            Manufactures a Conflict with Section 959(a) that Does Not Exist ........... 23

D.    The Bankruptcy Court Erred in Stating that United's Chapter 11 Plan
      Would Be Binding on Nazir Had He Received Adequate Notice, Despite a
      Provision in the Plan that Violates Section 959(a) and Amounts to a
      "Means Forbidden By Law" Under Section 1129(a)(3). ....................................... 27

Conclusion ........................................................................................................................ 29

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Barton v. Barbour,*
   104 U.S. 126 (1881)...................................................................................21

*Bereth v. Sparks,*
   51 F.2d 441 (7th Cir. 1931) ........................................................................25

*Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.),*
   96 F.3d 687 (3d Cir. 1996).........................................................................14

*Carter v. Rodgers,*
   220 F.3d 1249 (11th Cir. 2000) ..................................................................22

*City of New York v. New York, N.H. & H.R. Co.,*
   344 U.S. 293 (1953) .............................................................................17-18

*Dalton Dev. Project #1 v. Unsecured Creditors Comm. (In re Unioil),*
   948 F.2d 678 (10th Cir. 1991) ...............................................................13-14

*Greenblatt v. Richard Potasky Jeweler, Inc. (In re Richard Potasky Jeweler, Inc.),*
   222 B.R. 816 (Bankr. S.D. Ohio 1998)......................................................22

*Holstein v. Brill,*
   987 F.2d 1268 (7th Cir. 1993) ....................................................................26

*In re Am. Assoc. Sys., Inc.,*
   373 F. Supp. 977 (E.D. Ky. 1974) ..............................................................22

*In re Big O Movers & Storage,*
   326 B.R. 434 (Bankr. N.D. Ill. 2005) .................................................14-15, 18

*In re Chief Executive Officers Clubs,*
   359 B.R. 527 (Bankr. S.D.N.Y. 2007) .......................................................11

*In re Crosswhite,*
   148 F.3d 879 (7th Cir. 1998) ........................................................................4

*In re Flor,*
   166 B.R. 512 (Bankr. D. Conn. 1994) ........................................................28

*In re G. Weeks Sec., Inc.,*
   89 B.R. 697 (Bankr. W.D. Tenn. 1988)......................................................22

*In re Koelbl,*
   751 F.2d 137 (2d Cir. 1984)........................................................................27

*In re Longardner & Assocs., Inc.*,
   855 F.2d 455 (7th Cir. 1988) ............................................................................ 5, 18-19

*In re Markos Gurnee P'ship*,
   182 B.R. 211 (Bankr. N.D. Ill. 1995) ...................................................... 21-22, 25

*In re Maya Constr. Co.*,
   78 F.3d 1395 (9th Cir. 1996) ............................................................................. 14

*In re Pettibone Corp.*,
   162 B.R 791 (Bankr. N.D. Ill. 1994) ................................................................. 13

*In re Rimstadt, Ltd.*,
   212 F.3d 1039 (7th Cir. 2000) ............................................................................. 5

*In re S.N.A. Nut Co.*,
   198 B.R. 541 (Bankr. N.D. Ill. 1996) ................................................................ 14

*In re Sadkin*,
   36 F.3d 473 (5th Cir. 1994) ................................................................................ 11

*Jones v. Lincoln Elec. Co.*,
   188 F.3d 709 (7th Cir. 1999) ............................................................................ 4, 11

*Kaiser Aerospace & Elec. Corp. v. Teledyne Indus.(In re Piper Aircraft Corp.)*,
   244 F.3d 1289 (11th Cir. 2001) .................................................................... 27-28

*King v. Allied Vision Ltd.*,
   65 F.3d 1051 (2d Cir. 1995) ............................................................................... 11

*Mangun v. Bartlett (In re Balboa Improvements Ltd.)*,
   99 B.R. 966 (9th Cir. BAP 1989) ....................................................................... 22

*Monsanto Co. v. Haskel Trading, Inc.*,
   13 F. Supp. 2d 349 (E.D.N.Y. 1998) .................................................................. 11

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ...................................................................................... 15, 18

*Muratore v. Dore*,
   375 F.3d 140 (1st Cir. 2004) .............................................................................. 21

*Reading v. Brown*,
   391 U.S. 471 (1968) ........................................................................................... 25

*Reliable Elec. Co., Inc. v. Olson Constr. Co.*,
   726 F.2d 620 (10th Cir. 1984) ................................................................ 13-14, 17

*Spring Valley Farms, Inc. v. Crow,*
  863 F.2d 832 (11th Cir. 1989) ................................................................................14

*Village of San Jose v. McWilliams,*
  284 F.3d 785 (7th Cir. 2002) ..................................................................................5


**STATE CASES**

*Commodore Home Systems, Inc. v. Superior Court,*
  32 Cal. 3d 211 (1982) .............................................................................................24

*Rojo v. Kliger,*
  52 Cal. 3d 65 (1990) ...............................................................................................24


**FEDERAL STATUTES, RULES, AND REGULATIONS**

11 U.S.C. §503................................................................................................................25

11 U.S.C. §1129.......................................................................................................Passim

11 U.S.C. § 1141.....................................................................................................Passim

28 U.S.C. § 158................................................................................................................3

28 U.S.C. §959........................................................................................................Passim

Fed. R. Bankr. P. 8013.....................................................................................................4

Fed. R. Bankr. P. 8010.....................................................................................................3

## INTRODUCTION

This is an appeal from two orders of the Bankruptcy Court – an original order and an order on a motion for reconsideration – denying the attempt of United Air Lines, Inc. ("United") to impose sanctions on Iftikhar Nazir ("Nazir"), an individual fired by United during United's chapter 11 proceedings, and his attorney, Phil Horowitz ("Horowitz"). United sought to hold Nazir and Horowitz in contempt and impose hundreds of thousands of dollars of sanctions on them for filing a pre-confirmation discrimination claim against United and thereafter litigating with United. Not only did Judge Wedoff find no bad faith conduct by Nazir or Horowitz justifying sanctions – sufficient grounds on its own to deny the motion for sanctions – but he also determined that the filing of the claim in the California administrative and state court system was specifically authorized by a provision of the Judicial Code – 28 U.S.C. §959(a) ("Section 959(a)). He further held that, in any case, to the extent United claimed that its chapter 11 plan of reorganization (the "Plan") generically discharged (i.e. nullified) claims such as Nazir's, Nazir had not received notice of the hearing on confirmation of the Plan or the effect of the Plan on his claims so as to bind him to the Plan.

United, as it did below, attempts to manufacture a conflict between two clear provisions of the United Sates Code – Section 959(a) and 11 U.S.C. §1141(d) ("Section 1141(d)") – and makes that manufactured conflict the focus of its Opening Brief on appeal (the "Opening Brief"). In fact, the first sentence in United's Opening Brief states "This case presents a straightforward question: does 11 U.S.C. § 1141 mean what it says?" Having said that, United proceeds to interpret Section 1141(d) as solely obliterating claims, without recognizing that "discharged" claims nevertheless are to be treated as provided in the plan. Thus, as Nazir argued below, and as the Bankruptcy Court recognized, Section 959(a) and Section 1141(d) do not conflict and can

1

be harmonized without difficulty. As a result, the Bankruptcy Court appropriately declined to give credence to United's contrived conflict, and this Court should (if necessary) come to the same conclusion that the Bankruptcy Court did: Section 959(a), in very clear language, permits a creditor like Nazir to pursue certain claims against a debtor like United outside of the Bankruptcy Court, and Section 1141(d) does not limit that right in any way.

In any event, contrary to United's assertions in its Opening Brief, the resolution of United's "conflict" is not central to this appeal. Indeed, this appeal can be resolved without even reaching the merits of United's false conflict by answering one question: can United bind Nazir to the terms of its Plan, particularly those that compromised Nazir's rights, and to the deadline set in that Plan for filing certain claims against United *if United, knowing of Nazir's claim, never gave Nazir notice (i) of his right to object to the Plan, (ii) that the Plan contained language purportedly nullifying his claim by discharge, or (iii) of the deadline arguably set by the Plan for filing those claims?* In its Opening Brief, United understandably attempts to divert this Court's attention away from the Bankruptcy Court's straight forward, non-controversial ruling that, relying on well-settled notions of due process, rather easily answered this question in the negative. This Court should affirm the Bankruptcy Court's ruling in that regard. Should it do so, the Court need not address the other issues on appeal or cross-appeal, including the issue that United, in an effort to distract from the controlling issue of the inadequacy of any notice provided to Nazir, makes the centerpiece of its Opening Brief.

If, however, the Court were to reverse the Bankruptcy Court and rule against Nazir on the two issues discussed above, Nazir requests that the Court address his cross-appeal. The cross-appeal is from the Bankruptcy Court's statement, after finding the release provisions of the Plan inconsistent with the Bankruptcy Code, that United could have bound Nazir to its Plan had Nazir

received appropriate notice and failed to object. However, as the Bankruptcy Court recognized, United's Plan, in failing to recognize the rights accorded to creditors under Section 959(a) to sue the debtor for post-petition conduct, contains a provision "forbidden by law" in violation of 11 U.S.C. §1129(a)(3) ("Section 1129(a)(3)"). Nazir submits that even if he had received appropriate notice, neither he nor any other creditor can be bound to a provision in a chapter 11 plan that is contrary to existing law. Thus, even if the Court were to rule against Nazir on the two issues discussed above, it should nevertheless affirm the Bankruptcy Court's ultimate ruling permitting Nazir to pursue his claims against United outside of the Bankruptcy Court.

## BASIS OF APPELLATE JURISDICTION[1]

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title."). The Bankruptcy Court entered a final order on December 26, 2007 and further denied a motion for reconsideration on April 24, 2008.

## STATEMENT OF ISSUES ON APPEAL AND CROSS-APPEAL[2]

1.      Whether the Bankruptcy Court, in the exercise of its discretion, properly declined to hold Nazir[3] in contempt of court or impose sanctions on him.

---

[1]      United appears to have failed to include a statement of the basis of appellate jurisdiction in its Opening Brief, as required by Federal Rule of Bankruptcy Procedure 8010(a)(1)(B).

[2]      United appears to have failed to include a statement of the issues presented on appeal in its Opening Brief, as required by Federal Rule of Bankruptcy Procedure 8010(a)(1)(C).

[3]      United's motion for contempt and sanctions was brought against both Nazir and Horowitz, and both Nazir and Horowitz are appellees in this appeal. For ease of reference, where appropriate this brief will refer to Nazir and Horowitz collectively as "Nazir."

2.    Whether the Bankruptcy Court correctly found that United failed to meet its burden of providing notice to Nazir – a known creditor of United – of (i) his right to object to (and the hearing on) confirmation of United's Plan and (ii) the bar date for filing administrative expense claims against United, where the certificates of service filed by United's own noticing agent indicate that Nazir did not receive such notice.

3.    Whether, having found that United failed to meet its burden of providing adequate notice to Nazir of his right to object to confirmation of the Plan or of the bar date for filing administrative expense claims, the Bankruptcy Court correctly determined that the provisions of the Plan requiring administrative creditors to file their claims in the Bankruptcy Court are not binding on Nazir.

4.    Whether the Bankruptcy Court correctly determined that Section 959(a) entitles creditors to pursue certain post-petition claims in state courts and other non-bankruptcy fora without leave of the Bankruptcy Court, notwithstanding the provisions of Section 1141(d).

5.    Whether the Bankruptcy Court, having held that the Plan contains a provision that violates Section 959(a) and therefore employs a "means forbidden by law" under Section 1129(a)(3), erred in holding that such provision nonetheless would have been binding on Nazir had he received adequate notice.

## STANDARD OF APPELLATE REVIEW

This Court reviews the Bankruptcy Court's factual findings for clear error and its legal determinations *de novo*. *In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998); Fed. R. Bankr. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."). The Bankruptcy Court's decision not to hold Nazir in contempt or impose sanctions is subject to an abuse of discretion standard. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999) (a

"district court's decision on a contempt petition is discretionary in character and is not to be reversed except for abuse of such discretion or unless clearly erroneous") (citation omitted). The Bankruptcy Court's determination that Nazir did not receive individual notice of the Plan confirmation hearing or the bar date for filing administrative claims is a factual determination that can only be reversed if this Court finds clear error. *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988) Interpretation of the Bankruptcy Code and the determination of due process constitute questions of law that are reviewed *de novo*. *Village of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002) (interpretation of the Bankruptcy Code raises a question of law); *In re Rimstadt, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000) (due process challenge raises an issue of law).

**STATEMENT OF THE CASE**

On October 3, 2005, shortly after being fired by United and several months before confirmation of United's Plan, Nazir filed a "Complaint of Discrimination" against United with the California Department of Fair Employment and Housing ("DFEH"). Nazir subsequently received a "right to sue" letter from the California DFEH and filed an employment discrimination lawsuit against United in the California state courts.

In November of 2007, more than two years after Nazir first instituted his action against United and more than 20 months after the January 2006 confirmation of United's Plan, United filed a motion in the Bankruptcy Court that sought to have Nazir and his California counsel, Horowitz, held in contempt and sanctioned for pursuing Nazir's claims against United. Specifically, United argued that a provision in the Plan required all administrative claimants – like Nazir – to file a claim with the Bankruptcy Court no later than March 3, 2006, that Nazir failed to do so, that his claim was barred, and, therefore, that the Bankruptcy Court ought to hold

him in contempt and sanction him for violating the Bankruptcy Court's order confirming the Plan and the release provisions of the Plan.

The Bankruptcy Court denied United's motion, holding that Section 959(a) permitted Nazir to pursue his claim for post-petition employment discrimination against United outside of the Bankruptcy Court. United filed a motion for reconsideration, which the Bankruptcy Court granted only in part, holding that Nazir may not seek recovery against United for any acts that took place before United's bankruptcy filing. Nazir has not appealed that ruling. With respect to all other issues, however, the Bankruptcy Court denied reconsideration. United now appeals the Bankruptcy Court's decision.

In its Memorandum Opinion on United's motion for reconsideration, the Bankruptcy Court also noted that the Plan's requirement that all administrative claims be pursued only by filing administrative claims in the Bankruptcy Court was in contradiction to Section 959(a). The Bankruptcy Court further held, however, that because no objection was made at the time of confirmation, that provision of the Plan was binding on all creditors who received adequate notice of it, notwithstanding that the Plan provision "employs means forbidden by law", which is prohibited under Section 1129(a)(3). Nazir has cross-appealed this ruling. However, a ruling on Nazir's cross-appeal would only be necessary if this Court determines that Nazir did receive adequate notice of the Plan confirmation hearing and the administrative claims bar date, which, as discussed below, Nazir did not.

### STATEMENT OF FACTS

**A.    United Files for Bankruptcy, Fires Nazir, and Nazir Alleges Discrimination.**

On December 9, 2002 (the "Petition Date"), United and certain of its affiliates filed chapter 11 bankruptcy petitions in the Bankruptcy Court for the Northern District of Illinois. (A559).[4]  At that time, Nazir was employed by United as a mechanic. *Id.*

On May 9, 2005, while still a debtor in possession in its chapter 11 proceeding, United fired Nazir.[5]  (A560).  In response, on October 3, 2005, Nazir filed a complaint with the California DFEH, alleging among other things that United had unfairly discriminated against him based on his skin color, religion and national origin. *Id.*  United received notice of Nazir's claim with the California DFEH on or about October 10, 2005.  (A560; A572 n.8).  On April 4, 2006, Nazir requested that the California DFEH close his administrative case so that he could move the claim against United to California state court.  (A561-562).  The California DFEH agreed and provided Nazir with a "right to sue" letter on April 13, 2006. *Id.*

**B.    United's Plan is Confirmed, But Nazir Receives No Notice of the Confirmation Hearing or the Administrative Claims Bar Date.**

The Bankruptcy Court confirmed United's Plan on January 20, 2006, while Nazir's complaint with the California DFEH was still pending.  (A507-513).  The Plan purported to

---

[4]    Cites to "A___" are to the documents filed along with United's Opening Brief as an "Appendix." However, United's Appendix omitted certain relevant items in the record. Thus, Nazir has filed a Supplemental Appendix of record items along with this brief. Cites in this brief to "SA___" are to those materials.

[5]    In the Opening Brief, United states Nazir was terminated for "making offensive remarks to a female contractor employee and grabbing her wrist and slamming it on the table." *See* Opening Brief, at 3. United does not provide a cite to the record on appeal for this statement, which is not surprising given that those "facts" are nowhere to be found in the record on appeal or, for that matter, in the record before the Bankruptcy Court. In any event, United's contentions in that regard are contested by Nazir and were clearly included in United's Opening Brief to prejudice this Court against Nazir. The Court ought to admonish United not to engage in such underhanded tactics and further ought not let such "facts" influence its decisions in this appeal.

require all creditors holding "Administrative Claims" to be filed with, and adjudicated exclusively by, the Bankruptcy Court. (A411). It further provided that the bar date for filing administrative claims would be 30 days after the "Effective Date" of the Plan. (A289; A411). The Plan did not set a firm Effective Date. (A297). Rather, the Effective Date was to occur on a date selected by United after the occurrence or waiver of certain conditions precedent. *Id.* As noted in the Bankruptcy Court's opinion, United failed to give notice of the Plan confirmation hearing and the bar date for filing administrative claims to Nazir. (A560-561). The certificates of service for the notice sent to creditors of the hearing on confirmation of the Plan (A560; SA48-58) and for the notice of the bar date for filing administrative claims (A561; SA60-67)[6] filed by United's noticing agent confirm these facts.[7]

## C.    Nazir Files Suit in State Court, and United Files a Motion to Hold Nazir and His Counsel in Contempt 16 Months Later.

On July 7, 2006, having received his "right to sue" letter from the California DFEH, Nazir continued his action against United by filing a complaint in California Superior Court alleging that he was unlawfully discharged by United. (A562). During the next 16 months, United answered the complaint, engaged in extensive discovery, including dozens of depositions, and unsuccessfully opposed numerous discovery motions. *Id.* United never argued, however, that Nazir's claims should be dismissed based on the provision of the Plan that established a bar

---

[6]    Both certificates of service (which are part of the record on appeal) are several thousand pages long, and only relevant excerpts are included as Exhibits E and F to the "Objection of Iftikhar Nazir and Phil Horowitz to United's Motion for Order Holding Iftikhar Nazir and His Counsel in Contempt of Court", which is set forth in the Supplemental Appendix. In any event, United did not contest below and does not seem to contest on appeal that Nazir did not receive these notices.

[7]    Moreover, nothing in the Plan, the order confirming the Plan, or any notice indicated that employment discrimination claims are specifically included in the term "Administrative Claim." Further, no reasonable layperson reading the Plan's definition of "Administrative Expenses" for which "Administrative Claims had to be filed would recognize that employment discrimination claims were an "Administrative Expense".

date for administrative claims and purportedly mandated that all administrative claims be decided by the Bankruptcy Court. (A562). Trial was set for December 10, 2007. (SA4).

On November 9, 2007, a month before the scheduled trial, United suddenly filed a motion with the Bankruptcy Court seeking to hold Nazir and Horowitz in contempt for filing and pursuing the lawsuit in California. (A562). United argued that Nazir's California lawsuit was filed in violation of the provision of the Plan that set a bar date for administrative claims and limited review of administrative claims to the Bankruptcy Court. *Id.*

## D.    The Bankruptcy Court Denies United's Contempt Motion, and United Appeals.

The Bankruptcy Court denied United's motion in a oral ruling on December 19, 2007, which was later incorporated into a written order. (A523-525). On United's motion for reconsideration, the Bankruptcy Court clarified that Nazir may not seek recovery for any acts that took place before United's bankruptcy filing, but otherwise left its ruling undisturbed. (A558-576). In particular, the Bankruptcy Court held that (i) Nazir did not receive sufficient notice of the Plan confirmation hearing or the administrative claims bar date to bar his post-petition claims against United (A575) and (ii) United's Plan violated 28 U.S.C. §959(a) in that it required claims like Nazir's to be litigated in the Bankruptcy Court (A570). The Bankruptcy Court further observed that the Plan was confirmed in violation of Section 959(a); however, because no objection was made, the Plan was nevertheless binding on creditors who had received notice under 11 U.S.C. §1141(a). *Id.*

United appealed the Bankruptcy Court's holding that Nazir did not receive sufficient notice and that Nazir may pursue his claim in California state court. (A578-579). Nazir and Horowitz cross-appealed the Bankruptcy Court's finding that, even though the Plan provision that requires that claims like Nazir's be litigated in the Bankruptcy Court violates 11 U.S.C.

§1129(a)(3) and is inconsistent with Section 959(a), the Plan and this provision are binding on all creditors that received adequate notice of Plan confirmation.  (SA95-103).

## ARGUMENT

**A.    The Bankruptcy Court Exercised Its Jurisdiction Appropriately in Declining to Hold Nazir in Contempt of Court or Impose Sanctions on Him.**

United's original motion in the Bankruptcy Court sought to (i) hold Nazir in contempt of Court and (ii) impose sanctions on Nazir for allegedly violating United's Plan and the Bankruptcy Court's order confirming the Plan.  The Bankruptcy Court declined to hold Nazir in contempt or impose sanctions, both in ruling on United's original motion and on United's subsequent motion for reconsideration.  United has appealed from both the order denying its original contempt motion and from the order denying its motion for reconsideration.

There is no reference in United's statement of issues on appeal to the Bankruptcy Court's ultimate ruling refusing to hold Nazir in contempt of court or impose sanctions on Nazir, and there is likewise no substantive discussion of the issue in the Opening Brief.  Perhaps in the realization that the denial of a motion for contempt and sanctions is well within a lower court's discretion, it appears that United has abandoned its request for a finding of contempt against Nazir and the imposition of sanctions.[8]  Indeed, there is a dearth of case law addressing the situation where a party requests review of a lower court's decision not to hold another party in contempt or impose sanctions, suggesting that the party that fails in its attempt to hold a party in

---

[8]       In it Opening Brief, United states that "[b]y pursuing his claims in California state court that had been discharged by the Bankruptcy Code and the Order confirming United's Plan, Nazir was operating in contempt of Court." *See* Opening Brief, at 2.  There is, however, no further substantive discussion in the Opening Brief of the standard for a finding of contempt or the imposition of sanctions.  To the extent that United has not abandoned its request for contempt and sanctions and inappropriately attempts to address those issues in subsequent briefing or oral argument, Nazir reserves the right to more fully address the issues in later briefs or oral argument.

contempt or oppose sanctions rarely appeals.   To the extent, however, that United has not

abandoned that request, Nazir notes that a bankruptcy court's decision not to hold a party in

contempt or impose sanctions is subject to an abuse of discretion standard.   *See Jones v. Lincoln

Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999) (a "district court's decision on a contempt petition is

discretionary in character and is not to be reversed except for abuse of such discretion or unless

clearly erroneous") (internal citation omitted); *In re Sadkin*, 36 F.3d 473, 475 (5th Cir. 1994).

Furthermore, even if a more lenient standard of review applied, a finding of contempt or

the imposition of sanctions could not be justified here.   A court's power to hold a party in civil

contempt should be exercised only when (i) the order the party allegedly failed to comply with is

clear and unambiguous, (ii) the proof of noncompliance is clear and convincing, and (iii) the

party has not diligently attempted in a reasonable manner to comply.   *In re Chief Executive

Officers Clubs*, 359 B.R. 527, 535 (Bankr. S.D.N.Y. 2007).   *See also King v. Allied Vision Ltd.*,

65 F.3d 1051, 1058 (2d Cir. 1995); *Monsanto Co. v. Haskel Trading, Inc.*, 13 F. Supp. 2d 349,

363 (E.D.N.Y. 1998).   Obviously, as shown by the Bankruptcy Court's original decision and its

decision on United's motion for reconsideration, the confirmation order and the applicability of

Section 1141(d) here – even if United were ultimately successful on appeal – is not so "clear and

unambiguous" as to justify a finding of contempt or the imposition of sanctions.   Thus, Nazir

submits that regardless of the Court's decision with respect to the merits of United's appeal

concerning the sufficiency of any notice given to Nazir or the appropriate interpretation of

Sections 959(a) and 1141(d), affirmation of the Bankruptcy Court's decision not to hold Nazir in

contempt or impose sanctions on him is completely appropriate.   In any event, the Court need not

reach this issue because, as discussed below, United failed to give Nazir appropriate notice of

certain key dates in its chapter 11 case, even assuming United were correct with respect to all other aspects of this appeal, which it is not.

**B.    The Bankruptcy Court Correctly Ruled that United Failed to Provide Nazir with Adequate Notice and, Therefore, that United's Chapter 11 Plan and Administrative Claims Bar Date Are Not Binding on Nazir.**

In its Opening Brief, and seemingly with a straight face, United argues that Nazir is bound by the Plan and the administrative claims bar date contained in that Plan even though, as the Bankruptcy Court correctly determined, *United never provided notice to Nazir of the Plan confirmation hearing or the administrative claims bar date*. This, for the Bankruptcy Court, was a decisive factor in Nazir's favor. Tellingly, and perhaps in recognition of the weakness of its arguments on the notice issue, the very first sentence of United's brief attempts to shift the focus from the Bankruptcy Court's non-controversial ruling with respect to the inadequacy of any notice provided to Nazir to the interpretation of a bankruptcy statute. *See* Opening Brief, at 1 ("This case presents a straightforward question: does 11 U.S.C. § 1141 mean what it says?"). Having made a correct factual determination regarding whether United provided notice to Nazir of the Plan confirmation hearing and the administrative claims bar date, the Bankruptcy Court correctly held that United's Plan could not extinguish Nazir's claims, even if United were ultimately correct with respect to its arguments concerning Sections 959(a) and 1141(d), which it is not.

**1.    United Did Not Provide Nazir Notice of the Plan Confirmation Hearing.**

It is black letter law that claims may not be extinguished in bankruptcy unless the holder of the claim is given proper notice of the confirmation hearing:

> We hold that notwithstanding the language of section 1141, the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment to the United States Constitution.

12

*Reliable Elec. Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620, 623 (10th Cir. 1984). *See also Dalton Dev. Project #1 v. Unsecured Creditors Comm. (In re Unioil)*, 948 F.2d 678, 682-84 (10th Cir. 1991) (holding that a creditor was not bound by a debtor's plan of reorganization where it was not given notice of the confirmation hearing); *In re Pettibone Corp.*, 162 B.R 791, 808 (Bankr. N.D. Ill. 1994) ("[t]he discharge of a claim without reasonable notice of the confirmation hearing is violative of the Fifth Amendment of the United States Constitution") (internal citation omitted).

United never gave Nazir notice of the Plan confirmation hearing and, thus, his claims cannot be extinguished by the Plan's release provisions and Confirmation Order. United does not dispute that Nazir never received the same notice of the Plan confirmation hearing that thousands of other creditors did. Indeed, as the Bankruptcy Court determined and as even United seems to concede, the affidavit of service for the notice of the confirmation hearing and the deadline to object to confirmation filed by United's noticing agent does not list Nazir as a person who received such notice.

## 2. United Did Not Provide Nazir Notice of the Administrative Claims Bar Date.

Even if United had provided notice to Nazir of the Plan confirmation hearing, Nazir's claims relating to post-petition conduct by United (including Nazir's firing) still would not be discharged because United was on notice of Nazir's post-petition claims but did not give notice to Nazir of any bar date for filing administrative claims, which Nazir's claims are at worst, nor the necessity that Nazir file a formal claim to preserve those claims. Again, United does not really dispute that Nazir did not receive the notice of the administrative claims bar date that it sent to thousands of other creditors. Like the affidavit of service for notice of confirmation and the deadline to object to confirmation, the affidavit of service for the notice of confirmation of

United's Plan (which also included notice of the administrative claims bar date) filed by United's noticing agent does not list Nazir as a person who received such notice.

As the *S.N.A. Nut Co.* case from this district explains:

> [I]n cases under Chapter 11 of the Code involving corporate debtors, creditors which are known to the debtor must be provided with actual notice of the relevant bar dates. Actual knowledge of the pendency of the bankruptcy by such a creditor is insufficient to satisfy due process.

*In re S.N.A. Nut Co.*, 198 B.R. 541, 544 (Bankr. N.D. Ill. 1996) (internal citations omitted). Other courts seem to agree on the consequences of a debtor's failure to give a creditor notice of a relevant bar date. Numerous published cases hold that pre-confirmation claims are not barred by discharge in bankruptcy if the party did not receive sufficient notice of a claim bar date and an opportunity to present the claim in the bankruptcy case. *Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 689-90 (3d Cir. 1996); *In re Maya Constr. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996); *Dalton Dev. Project #1*, 948 F.2d at 682-84; *Spring Valley Farms, Inc. v. Crow*, 863 F.2d 832, 835 (11th Cir. 1989); *Reliable Elec.*, 726 F.2d at 623.

Particularly on point in this regard is *In re Big O Movers & Storage*, 326 B.R. 434 (Bankr. N.D. Ill. 2005), a recent bankruptcy case from this district. In that case, a creditor with a pre-confirmation claim had given the debtor notice of her claim, but the debtor failed to schedule her claim. She was given no notice of the claim bar date or of the hearing on plan confirmation. The creditor filed a state court lawsuit against the debtor (and obtained a judgment) after the bankruptcy petition was filed, but prior to confirmation of the plan. The debtor subsequently filed a motion seeking to have the creditor's claim allowed as a pre-petition claim so that the creditor could receive a 25% distribution, as provided in the plan. The creditor objected to the motion. The court held that while a confirmation order "discharges the Debtor from any debt that arose before the date of confirmation", as provided in Section 1141(d)(i)(A) of the

Bankruptcy Code, a "confirmation order cannot act to discharge and enjoin a claim unless the claimant has received adequate notice of the bankruptcy proceeding and of any claims bar dates fixed therein." *Id.* at 435 (*citing In re Longardner & Assocs., Inc.*, 855 F.2d 455, 465 (7th Cir. 1988)). The court further stated that:

> [The creditor] is now unwilling to accept the 25% of her claim offered in the confirmed Plan, and she is not compelled to do so. ***Rather, she is free to continue her effort to collect her full claim in her non-bankruptcy court state litigation.***

*Id.* at 436 (emphasis supplied). Simply put, because United never provided Nazir notice of the bar date for filing administrative claims, Nazir cannot be bound by that bar date. Based on this alone, the Bankruptcy Court's ruling should be affirmed.

### 3. United's Attempts to Obfuscate the Bankruptcy Court's Common Sense Ruling Do Not Withstand Even Casual Scrutiny.

In the face of the undisputed facts and the settled and non-controversial case law on the subject, United attempts to concoct an argument that Nazir had sufficient notice of United's bankruptcy proceedings to bind him to the Plan (and in particular the overbroad release provisions) and the administrative claims bar date established by the Plan, even though he concededly did not receive the same notices of significant events that tens of thousands of other creditors did. But, if anything, United's own arguments undermine its position.

For example, United's primary argument seems to be that the U.S. Supreme Court case of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) only requires "notice reasonably calculated, under all circumstances, to appraise [one] of the pendency of the action and afford [one] an opportunity to present objections." *See* Opening Brief, at 15. However, even under this standard, which United apparently views as useful to its case, United failed to provide Nazir notice of the Plan confirmation hearing or the administrative claims bar date that could be deemed to be "reasonably calculated" to apprise him of those dates. At the time United provided

notices of the Plan confirmation hearing and the bar date for filing administrative claims to thousands of creditors and other parties in interest, Nazir was a former employee of United, and United concededly knew how to contact Nazir. Furthermore, United knew at the time it provided notices of its Plan confirmation hearing and of the administrative claims bar date that Nazir had asserted post-petition claims against United in the California DFEH and, therefore, was a creditor that should receive notices of events in the bankruptcy case that might affect his rights.

On that last point, United disingenuously states in its Opening Brief that "[b]ecause Nazir had filed a [pre-petition] Proof of Claim, which had been paid in an amount that had not been appealed, United believed that Nazir's claims against the company had been resolved and further notice was unnecessary" and, in a similar vein, that Nazir "waited *five months after* United's Plan was confirmed" to sue United for harassment and discrimination. *See* Opening Brief, at 15 (emphasis supplied). These statements are, at best, seriously misleading.

First, Nazir had not even been fired yet when he filed his pre-petition proof of claim or, for that matter, when that claim was due. Nazir filed his pre-petition claim on April 28, 2003. (A21). The deadline for filing pre-petition proofs of claim was May 12, 2003. (A6). However, Nazir was not fired until May 9, 2005, two years *after* the bar date for filing pre-petition claims. (A560). There is absolutely no way United could have ever believed that Nazir's claims for being fired in 2005 were somehow "resolved" because Nazir had filed a pre-petition proof of claim two years earlier in 2003 which did not include, and could not have included, a claim for wrongful termination.

Second, as United well knows and did not dispute below, Nazir commenced an appropriate proceeding against United alleging harassment and discrimination in the California

16

DFEH in October 2005, almost one month *before* United provided notice to creditors of the confirmation hearing and four months *before* confirmation of United's Plan and United's sending of notice to creditors of the administrative claims bar date.   A United employee responsible for such discrimination claims received notice of Nazir's claim several months in advance of confirmation of United's Plan.   Thus, United's suggestion that it had no knowledge of Nazir's claims prior to confirmation of its Plan is almost laughable, and United did not dispute this point below.

United further argues that because Nazir had general knowledge of United's bankruptcy proceedings he is somehow bound by the Plan and the administrative claims bar date.   In United's words, Nazir had "some burden to follow the proceedings and protect his interests." *See* Opening Brief, at 16.   But the United States Supreme Court has held that "even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953).[9] *See also Reliable Elec.*, 726 F.2d at 622 (holding that "as specifically applied to bankruptcy reorganization proceedings, the (U.S. Supreme) Court has held that a creditor, who has general knowledge of a debtor's reorganization proceeding, has no duty to inquire about further court action.   The creditor has a 'right to assume' that he will receive all of the notices required by statute before his claim is forever barred.") (citing *City of New York*).   As the bankruptcy court recognized, the clear majority rule

---

[9]       While chapter 11 plans commonly provide for bar dates for asserting administrative expense claims, such a bar date is not required by the Bankruptcy Code.   Thus, there is no "statutory" requirement that such notice be given, as there was in the *City of New York* case.   Needless to say, however, if a debtor elects to establish an administrative claims bar date, it ought to be required to give effective notice of that bar date to administrative creditors.   Any "notice" to Nazir in this case was woefully ineffective.

on this issue follows *Mullane* and *City of New York* in holding that mere knowledge of the bankruptcy proceedings is not sufficient to bind a creditor to a chapter 11 plan or bar date that would expunge its claim.

The *City of New York* Court further held that where creditors are known, "no excuse exist[s] to justify subjecting [the creditor's] claims to the hazard of forfeiture arising from 'constructive notice' by newspaper." 344 U.S. at 296. And while United does not rely on publication notice to bind Nazir to the administrative claims bar date (perhaps because United realizes that Nazir was a "known" creditor to whom actual notice must have been given), United is asking this Court to effectively treat Nazir as an unknown creditor who was not entitled to the specific notice of the Plan confirmation hearing and administrative claims bar date that every other known creditor received. This would run afoul of the *City of New York* case and well-established notions of due process.

United also places particular emphasis on the Seventh Circuit case of *In re Longardner & Associates, Inc.*, 855 F.2d 455 (7th Cir. 1988), as support for its argument. Interestingly, the Bankruptcy Court in *Big O Movers & Storage*, which is discussed above and unquestionably supports Nazir, also relied on *Longardner* in reaching its decision. Indeed, as a quick review of the *Longardner* case reveals, United's reliance on that case is misplaced and the Bankruptcy Court's reliance on it in *Big O Movers & Storage* was completely justified. In *Longardner*, the Bankruptcy Court had found that "notice of the confirmation hearing had been delivered to the creditor's counsel." 855 F.2d at 459. In this case, to the contrary, the Bankruptcy Court determined that "Nazir was not given individual notice" of the deadline to object to confirmation or of the administrative claims bar date. (A560-561). *Longardner* is thus inapposite. In any event, as the Bankruptcy Court recognized, by engaging in an analysis of whether the creditor in

that case had received individual notice of the confirmation hearing, the *Longardner* case actually supports the "majority rule requiring individual notice of events in a Chapter 11 case that can result in the loss of creditors' rights" because such an analysis would have been unnecessary otherwise, as the creditor in that case admittedly had notice of the bankruptcy proceedings. (A574).

Finally, although easily dismissed by the Bankruptcy Court, Nazir feels compelled to respond to United's argument (*see* Opening Brief, at 4) that, by sending Nazir a one page notice of the hearing on the adequacy of the disclosure statement for United's Plan (A27), Nazir was given effective notice of the contents of the entire Plan, including the bar date for filing administrative claims. The procedure for setting the bar date for filing administrative expense claims is buried on page 127 of the Plan. And the actual bar date is stated nowhere; rather the Plan states that bar date for filing administrative claims is "thirty (30) days after the Effective Date." (A289). The Plan did not set a firm "Effective Date". (A297). Rather, as discussed above, the Effective Date was to occur on a date selected by United after the occurrence or waiver of certain conditions precedent. *Id*. Thus, it would have been impossible for Nazir to calculate the bar date for filing administrative claims merely by reading the Plan. The only way he could have known the bar date is if United had sent him a notice setting forth the date. Concededly, it did not. Furthermore, there is nothing in the Plan or other papers from which a reasonable layperson would conclude that employment discrimination claims were "administrative expenses" subject to a claims bar date.

In summary, Nazir was entitled to receive a clear notice stating that all claims against United for things occurring before a given date had to be filed by a certain date or be lost. It is undisputed that Nazir was never sent a notice saying that there was any deadline for filing

administrative claims.   And it is undisputed that Nazir was never sent any notice listing the

actual deadline for filing administrative claims.   In fact, even the notice United sent out to

thousands of creditors (but not Nazir) that purportedly gave those creditors notice of the deadline

for filing administrative claims did not clearly include claims such as Nazir's in the

"administrative claims" category that arguably required the filing of an administrative claim.

(SA63-64).   Thus, as the Bankruptcy Court correctly determined, Nazir cannot be bound by the

Plan or the bar date for filing administrative claims.

**C.    The Bankruptcy Court Correctly Ruled that Section 959(a) Permits Certain Post-petition Creditors, like Nazir, to Pursue their Claims Outside of the Bankruptcy Court.**

Even if the Bankruptcy Court ruled incorrectly on the notice issue (which it clearly did

not), United's appeal still must fail because, as the Bankruptcy Court correctly ruled, Section

959(a) authorizes creditors like Nazir to pursue their claims against a debtor in a non-bankruptcy

forum.[10]   While United attempts to paint this ruling as radical, it does nothing more than

recognize more than a century's worth of precedent on this issue.   Indeed, it is United, and not

Nazir or the Bankruptcy Court, that misconstrues the appropriate interplay between Section

959(a) and Section 1141(d), the statute upon which United so heavily relies in its attempt to

undercut the clear language of Section 959(a).

---

[10]    The Bankruptcy Court ruled that although United's Plan ran afoul of Section 959(a), it could still be binding on creditors that – unlike Nazir – received appropriate notice.   Nazir believes this was error and has cross-appealed from this ruling.   That argument on Nazir's cross-appeal is set forth below in Section D of the Argument.

1.  **The Plain Language of Section 959(a) Authorizes Nazir to Pursue His Claims in the Appropriate Non-Bankruptcy Forum.**

Section 959(a) states:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on the business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. §959(a). The statute is straight-forward. It permits debtors in possession (like United) to be sued with respect to their acts (like employment discrimination) in carrying on their post-petition business. By definition, it applies to claims (like Nazir's) that arose during the course of the debtor's bankruptcy proceedings.

As the Bankruptcy Court recognized, Section 959(a)'s predecessor was originally enacted in 1887 to overturn a Supreme Court decision, *Barton v. Barbour*, 104 U.S. 126 (1881), which had held that a plaintiff injured by a business subject to federal receivership could only sue the receiver in a local court after obtaining permission from the federal court in which the business was being administered. (A565). The statute was later extended to bankruptcy trustees and debtors in possession. *Id. See also In re Markos Gurnee P'ship*, 182 B.R. 211, 220-22 (Bankr. N.D. Ill. 1995), *aff'd sub nom. Ill. Dep't of Revenue v. Schechter*, 195 B.R. 380 (N.D. Ill. 1996).

The range of post-petition claims to which Section 959(a) applies is relatively limited. It only applies to those claims that arise from operation of the business in bankruptcy or receivership, as opposed to the liquidation and distribution of its assets. *See Muratore v. Dore*, 375 F.3d 140, 144 (1st Cir. 2004) ("'acts or transactions in carrying on business connected with' the bankruptcy estate . . . mean[s] acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise"). As courts

have recognized, the phrase "carrying on business" has been interpreted narrowly. *Greenblatt v. Richard Potasky Jeweler, Inc. (In re Richard Potasky Jeweler, Inc.)*, 222 B.R. 816, 823 (Bankr. S.D. Ohio 1998). "Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." *Id.* (*quoting Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1241 (6th Cir. 1993)). *See also Carter v. Rodgers*, 220 F.3d 1249, 1254 (11th Cir. 2000) (holding that Section 959(a) does not apply to breaches of fiduciary duty in the administration of a bankruptcy estate); *Mangun v. Bartlett (In re Balboa Improvements Ltd.)*, 99 B.R. 966, 970 (9th Cir. BAP 1989) (same).

Rather, Section 959(a) "is intended to permit actions redressing torts committed in furtherance of the bankrupt's business operations and is not cast to foster interference '(with) the use, control, maintenance and operation of the bankrupt's property . . .'" *In re Am. Assoc. Sys., Inc.*, 373 F. Supp. 977, 979 (E.D. Ky. 1974) (citation omitted). *See also In re G. Weeks Sec., Inc.*, 89 B.R. 697, 702 (Bankr. W.D. Tenn. 1988). As the *Markos Gurnee Partnership* case noted, a 1900 Supreme Court decision "reflected on the purpose" of the predecessor to Section 959(a):

> This act . . . gave the citizen the unconditional right to bring his action in the local courts, and to have the justice and amount of his demand determined by the verdict of a jury. He ceased to be compelled to litigate at a distance, or in any other forum, or according to any other course of justice, than he would be entitled to if the property or business were not being administered by the Federal court.

*Markos Gurnee P'ship*, 182 B.R. at 221 (*quoting Gableman v. Peoria, Decatur & Evansville Ry.*, 179 U.S. 335, 338 (1900)). In short, Section 959(a) itself and the court decisions applying it could hardly be clearer: certain actions can be pursued against a debtor in possession outside (and without leave) of the bankruptcy court. Nazir's claims against United fit squarely into

Section 959(a), a point which even United does not seem to seriously dispute. Rather, United attempts to muddy Section 959(a)'s clear waters by manufacturing a conflict with Section 1141(d) and proposing its own test for resolving that conflict. As discussed below, and as the Bankruptcy Court correctly held, this perceived conflict does not exist. And even if the conflict did exist, Nazir easily would satisfy United's proposed test for harmonizing the two statutes.

### 2. United Misconstrues the Effect of Section 1141(d) and Thus Manufactures a Conflict with Section 959(a) that Does Not Exist.

United's argument concerning the interplay of, and alleged conflict between, Section 959(a) and Section 1141(d)[11] begins with nothing more than the unexceptional statement that Section 1141(d) "is unambiguous: all claims against a debtor based on conduct occurring before confirmation are discharged *unless otherwise provided in the plan of reorganization* or elsewhere in Section 1141(a)(1) [sic]." *See* Opening Brief, at 11-12 (emphasis supplied).

It is in the next part of the Opening Brief where the wheels start to fall off United's argument, as it seemingly attempts to read Section 1141(d) as eliminating or severely limiting the treatment of pre-confirmation claims under a chapter 11 plan.[12] United, repeating its argument before the Bankruptcy Court, proposes its own test for resolving the "conflict." It states that the only way to give full effect to both Section 959(a) and Section 1141(d) "is to permit lawsuits filed against a debtor for conduct during a bankruptcy case to be filed and

---

[11] United incorrectly cites to "11 U.S.C. § 1141(a)(1)" when it quotes to Section 1141(d). *See* Opening Brief, at 11. Nevertheless, despite the reference to Section 1141(a)(1), United correctly reproduces the text of Section 1141(d) in its Opening Brief.

[12] On page 12 of its Opening Brief, United cites to several cases that supposedly support its argument that the claims of employees suing after confirmation for discrimination that occurred during the bankruptcy case are discharged by Section 1141(d). But those cases do not consider any alleged conflict between Section 959(a) and Section 1141(d). Indeed, only one of them even mentions Section 959(a), and does so only in passing. Nazir thus suggests that those cases should have little or no persuasive value.

prosecuted in other courts without leave of court, so long as such suits are: (1) filed prior to confirmation; and/or (2) explicitly preserved in a debtor's plan of confirmation [sic]." *See* Opening Brief, at 13. There are at least two problems with United's proposed test as a matter of law and its application to Nazir specifically, putting aside the somewhat awkward "and/or" formulation used in the test.

*First*, Nazir meets United's proposed test. Nazir's claim was filed in the California DFEH "prior to confirmation" of United's Plan on January 20, 2006. Under California state law, an employee alleging discrimination or harassment against his employer must first file a complaint with the California DFEH and exhaust his administrative remedies before that Department. *See Commodore Home Systems, Inc. v. Superior Court*, 32 Cal. 3d 211, 213-214 (1982) (holding that an employee may sue an employer in superior court for violations of the California Fair Employment and Housing Act only after exhaustion of remedies in the California DFEH); *Rojo v. Kliger*, 52 Cal. 3d 65, 82-84 (1990) (same). Thus, an employee is only permitted to file a complaint in the California courts after first exhausting his administrative remedies before California DFEH.

Nazir complied with California law by filing a complaint with the California DFEH on October 3, 2005. Nazir did not receive permission from the California DFEH to move his action and file a lawsuit in the California courts until April 13, 2006, which was after confirmation of United's Plan. He commenced his state court lawsuit on July 7, 2006. This should be sufficient if, as United (incorrectly) argues, Section 959(a) requires that a lawsuit must be filed prior to confirmation. A contrary rule would lead to absurd results. Surely it is not the case, as United seems to argue, that a creditor with a post-petition claim properly filed in an appropriate forum loses any right to that claim if plan confirmation occurs before all administrative proceedings are

finalized. United seems to argue that if a debtor manages to confirm a plan before a Section 959(a) creditor's administrative or state court remedies are exhausted, the debtor wins and the claims are discharged.  It is races to the courthouse like this that the Bankruptcy Code was enacted to avoid.

Nazir also meets the second part of United's proposed test. As Nazir argued below (SA78-79) and as the Bankruptcy Court recognized (A563-564), under *Reading v. Brown*, 391 U.S. 471 (1968) and its progeny, Nazir's claims against United, to the extent they arose after United's chapter 11 filing, are administrative claims pursuant to 11 U.S.C. §503(b)(1)(A).  *See also Bereth v. Sparks*, 51 F.2d 441, 442 (7th Cir. 1931) ("[d]amages for injuries to persons or property during the receivership, caused by the torts of the receiver's agent and employees, are classed as a part of the operating expenses of the corporation.").  Even United does not contest this.  (A564).  United's Plan expressly provides for and preserves administrative claims.  (A322).  Indeed, if it did not, it would not be confirmable.  *See* 11 U.S.C. §1129(a)(9) (stating that in order for a chapter 11 plan to be confirmed, it must provide that the holder of a claim of the type specified in section 507(a)(2) of the Bankruptcy Code (which includes administrative expense claims) must "receive . . . cash equal to the allowed amount  of such claim.").  *See also Schechter*, 195 B.R. at 385 (stating that a chapter 11 plan must propose to pay administrative expenses in full).  Thus, contrary to United's suggestion in the Opening Brief, Nazir's claims against United are preserved in its Plan and entitled to treatment with the class of similarly situated creditors.

**Second**, and perhaps more fundamentally, United's proposed test is an attempt to resolve a conflict that does not exist. In particular, United seems to read Section 1141(d) as completely eliminating the pre-confirmation claims of all creditors.  But Section 1141(d) does not eliminate

claims, it merely requires that they be paid pursuant to the plan. Thus, as the Bankruptcy Court recognized, while "confirmation automatically discharges all debts other than those provided for in the plan . . . 'each claimant gets a "new" claim, based upon whatever treatment is accorded to it in the plan itself.'" *Holstein v. Brill*, 987 F.2d 1268, 1269 (7th Cir. 1993) (*quoting In re Benjamin Coal Co.*, 978 F.2d 823, 827 (3d Cir. 1992)). (A569). United's misreading of Section 1141(d) leads to its conclusion that the discharge it received through Section 1141(d) eliminated the rights creditors have under Section 959(a). It did not. And, as discussed below in connection with Nazir's cross-appeal, any Plan provision that attempted to accomplish that could not be binding on creditors.

Furthermore, far from carrying out and harmonizing Sections 959(a) and 1141(d), United's proposed test does violence to the statutory language and purposes of both. For example, nothing in Section 959(a) requires that a claim of the type covered by that section be "expressly" preserved in a chapter 11 plan. Indeed, as discussed above, in order to confirm a chapter 11 plan, administrative claims must be paid in full, and all Section 959(a)-type claims are, by definition, administrative claims. Even United seems to realize that the inclusion of the word "expressly" is a stretch. As it recognized when it cited Court of Appeals case law and a bankruptcy treatise for support, Section 1141(d) discharges claims "unless otherwise provided in the plan of reorganization or elsewhere in Section 1141(a)(1) [sic]." *See supra*, at 23. United's proposed test, for which it cites no support, would require that the plan "expressly" provide for treatment of the claim. It is not clear why this should be a requirement (other than it suits United's argument here because Nazir's particular claim, like scores of other administrative claims, is not specifically enumerated in the plan), as Section 959(a) does not by its terms, nor does any section of the Bankruptcy Code, require it.

**D.    The Bankruptcy Court Erred in Stating that United's Chapter 11 Plan Would Be Binding on Nazir Had He Received Adequate Notice, Despite a Provision in the Plan that Violates Section 959(a) and Amounts to a "Means Forbidden By Law" Under Section 1129(a)(3).**

If this Court were to decide that Nazir had received adequate notice of the Plan and the bar date for filing administrative claims, or determines that Nazir's and the Bankruptcy Court's analysis of Section 959(a) is incorrect, then it will be necessary to decide the merits of Nazir's cross-appeal. Nazir asserts that the Plan provision requiring him to file a claim in the Bankruptcy Court could not have been binding upon him because that provision (Article XI.D) (A411) of the Plan was confirmed in violation of 28 U.S.C. §959(a). As the Bankruptcy Court explained:

> United's plan appears to prevent adjudication of administrative claims pursuant to §959(a). Article XI.D of the Plan provides that all administrative claims not previously allowed must be pursued through a request for payment "filed with the Claims Agent and served upon counsel to the Debtors on or before the Administrative Claim Bar Date," that any claim as to which such a request is not timely filed and served is "disallowed automatically," and that the bankruptcy court will determine any timely-filed request to which United objects. . . *This provision could have been subject to an objection to confirmation.*

(A570) (emphasis supplied).

Section 1129(a)(3) of the Bankruptcy Code explicitly states that "[t]he court shall confirm a plan only if . . . the plan has been proposed in good faith *and not by any means forbidden by law.*" 11 U.S.C. §1129(a)(3) (emphasis supplied). This includes all applicable law, not merely the Bankruptcy Code, and entails an analysis of the means by which the plan attempts to accomplish its goals. *See In re Koelbl*, 751 F.2d 137, 138 (2d Cir. 1984) (citing 5 Collier on Bankruptcy §1129.02, at 1129-13 (15th ed. 1984) and *In re Landau Boat Co.*, 13 Bankr. 788, 793-94 (Bankr. W.D. Mo. 1981)); *see also Kaiser Aerospace & Elec. Corp. v. Teledyne Indus.*

27

(*In re Piper Aircraft Corp.*), 244 F.3d 1289, 1300 n.7 (11th Cir. 2001) (inquiry under 11 U.S.C. §1129(a)(3) focuses on "the manner by which the plan at issue is proposed to the court").

In *In re Flor*, 166 B.R. 512 (Bankr. D. Conn. 1994), the debtors' proposed chapter 11 plan relied primarily upon the receipt of the debtors' future wages for at least seven years. The debtors argued that the provision regarding the assignment of their future wages was a legitimate provision impliedly recognized by the Bankruptcy Code. *Id.* at 513-14. The bankruptcy court disagreed, noting that "Connecticut prohibits the voluntary assignment of wages by an employee [and] Chapter 11 does not authorize an order contrary to this state-law prohibition." *Id.* at 515 (internal citations and quotations omitted). Accordingly, the bankruptcy court refused to confirm the plan because it employed a "means forbidden by law" under 11 U.S.C. §1129(a)(3). *Id.* at 516.

Here, Article XI.D of the Plan prevented creditors from adjudicating their claims under Section 959(a). The Bankruptcy Court observed that, "[a] plan purporting to prevent a party with a §959(a) claim from adjudicating the claim outside of bankruptcy court would contradict the right accorded by §959(a) *and so would at least appear to employ a means forbidden by law.*" (A570) (emphasis supplied). Despite this finding, the Bankruptcy Court nevertheless held that the Plan would be binding on Nazir had he received appropriate notice because there had been no objection expressed to the offending release language. *Id.*

This holding was clear error and should be reversed if the Court determines that Nazir received adequate notice of the Plan and the bar date for filing administrative claims, or determines that Nazir's and the Bankruptcy Court's analysis of Section 959(a) is incorrect. By the Bankruptcy Court's own analysis, the release provision in the Plan was flawed, and the Plan could not properly be confirmed with Article XI.D in place because it violated Section 959(a)

and the rights of creditors pursuing post-petition claims like Nazir's.  Because Article XI.D of the Plan employed such a means forbidden by law, it is an invalid provision that should not have been included in the Plan in its present form to the extent it limits Section 959(a) rights, and it cannot be binding upon Nazir or any other litigation creditor, regardless of whether they received notice.  Thus, to the extent the release provision is defective as a violation of Section 959(a) rights, it should not be given effect, but should be held invalid or be deemed reformed to eliminate the defect.

## CONCLUSION

For all the reasons stated above, the Appellees and Cross-Appellants respectfully request that this Court: (1) affirm the Bankruptcy Court's decision not to hold Nazir and Horowitz in contempt of Court or impose sanctions on them; (2) affirm the Bankruptcy Court's holding that any notice provided to Nazir of the Plan confirmation hearing and the bar date for filing administrative claims was insufficient to bind Nazir to the Plan; (3) affirm the Bankruptcy Court's holding that Nazir is permitted to continue pursuing his employment discrimination claims against United in California state court; (4) to the extent the Court rules against Nazir on (1), (2) or (3) above, reverse the Bankruptcy Court's ruling that United's Plan is binding on creditors that received appropriate notice despite a provision in the Plan that requires creditors with claims covered by Section 959(a) to submit claims to the Bankruptcy Court, in violation of the plain language of Section 959(a); and (5) grant Nazir and Horowitz such other and further relief as may be just and appropriate.

Dated: August 15, 2008

**IFTIKHAR NAZIR AND PHIL HOROWITZ**

By:  /s/ Mark F. Hebbeln

Harold L. Kaplan (ARDC No. 3125293)
Mark F. Hebbeln (ARDC No. 6272385)
Amy L. Strong (ARDC No. 6287493)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, Illinois  60654-5313
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)

Counsel for Appellees and Cross-Appellants

## CERTIFICATE OF SERVICE

I, Mark F. Hebbeln, an attorney, certify that the Opening Brief of Iftikhar Nazir and Phil Horowitz in Opposition to the Appeal of United Air Lines, Inc. and in Support of Nazir and Horowitz's Cross-Appeal was served through the ECF electronic filing system and also by first class mail and electronic mail upon:

Michael Slade, Esq.
(mslade@kirkland.com)
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

_/s/ Mark F. Hebbeln_____
Mark F. Hebbeln