

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 08 CV 3397 |
| UAL Corporation, et al., | ) |
| | ) Judge John W. Darrah |
| Reorganized Debtors. | ) |
| | ) |
| | ) (Appeal from |
| | ) Case No. 02-B-48191 |
| | ) Judge Eugene R. Wedoff) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the cross-appeals of UAL Corporation ("United") and Iftikhar Nazir ("Nazir") of the decision of the bankruptcy court denying United's motion to hold Nazir and his counsel in contempt for suing United for employment discrimination in a California state court after confirmation of United's plan of reorganization was confirmed. For the reasons stated below, the decision of the bankruptcy court is reversed in part.

## BACKGROUND

Nazir was hired by United in 1989 and worked for United as a mechanic. On December 9, 2002 (the "Petition Date"), while Nazir was employed with United, United filed for bankruptcy. On February 27, 2003, the bankruptcy court set a "bar date" for claims of non-governmental creditors that arose on or before the Petition Date. The order required creditors to file proof of their claims by May 12, 2003. The order also provided that claims that arose during the administration of the bankruptcy were not subject to the filing requirement.

1

Nazir received notice of United's bankruptcy filing, receiving a proof of claim form. (A658.)[1] With the help of his union, Nazir filed a Proof of Claim in bankruptcy court in April 2003, seeking $6,377.78 pertaining to a union retro pay matter. (A482.) United filed an objection to Nazir's Proof of Claim. The bankruptcy court sustained United's objection, and United ultimately paid Nazir's claim in a reduced amount.

Two years after the general claims bar date for pre-petition claims, in May 2005, United fired Nazir. In October 2005, Nazir filed a complaint with the California Department of Fair Employment and Housing ("DFEH"), alleging that his termination was based on his skin color, religion and national origin. United received notice of Nazir's claims with the DFEH.

Meanwhile, United's bankruptcy case was moving toward plan confirmation. The bankruptcy court ultimately confirmed United's Chapter 11 reorganization plan (hereinafter, the "Plan") on January 20, 2006, while Nazir's complaint with the DFEH was still pending. The Plan provided that requests for payment of administrative claims must be filed with the Claims Agent and served on counsel to the Debtors on or before the Administrative Claims Bar Date, which under the terms of the Plan was March 3, 2006. (*See* Op. at A571.)

---

[1] Citations to "A" refer to the appendix of the pleadings from the bankruptcy court filed by United in connection with its appeal. Nazir has filed a supplemental appendix, which will be referred to, if necessary, as "SA."

Nazir did not file or serve a request for payment of an administrative claim with respect to his employment discrimination claim prior to the March 3, 2006 Administrative Claims Bar Date. On April 4, 2006, Nazir requested that the DFEH close his administrative case so that he could pursue the claim in state court. The DFEH complied with this request and provided Nazir with a "Right-to-Sue" letter on April 13, 2006.

On July 7, 2006, Nazir filed an eleven-count complaint in California state court, alleging that United terminated Nazir's employment based on illegal discrimination. The complaint also set out new legal theories and alleged new incidents of harassment, some occurring before United's bankruptcy filing.

United answered the complaint and proceeded to defend the state-court action. On November 9, 2007, after over a year of litigation, United filed a motion in bankruptcy court for an order holding Nazir and his counsel in contempt for violating the discharge provision of the Bankruptcy Code, 11 U.S.C. § 1141(d), by prosecuting the California state-court employment discrimination case after confirmation of the Plan. In this motion, United argued that 11 U.S.C. § 1141(d) discharged United from any debt arising from Nazir's employment discrimination claims.

The bankruptcy court denied the relief United sought, finding that 28 U.S.C. § 959(a) of the Judicial Code allowed Nazir to sue United in state court for conduct that took place while the bankruptcy proceedings were pending. Thus, the bankruptcy court found that Nazir's post-petition claims were not barred by 11 U.S.C. § 1141(d). Section 959(a) of the Judicial Code provides:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. § 959(a).

The bankruptcy court also found sanctions not warranted against Nazir because, even though "United's Plan appears to prevent adjudication of administrative claims pursuant to § 959(a)," the Plan was not binding on Nazir because Nazir did not receive constitutionally adequate notice either of the December 12, 2005 deadline for objections to confirmation of the Plan (which proposed to extinguish the right to adjudicate claims in local courts under § 959(a)) or of the March 3, 2006 Administrative Claims Bar Date established by the Plan.[2]

---

[2] The bankruptcy court held that Nazir was barred from seeking relief in the state-court action for any conduct of United that occurred prior to United's bankruptcy petition. The court reasoned that such pre-petition claims were barred because Nazir received notice of the May 12, 2003 bar date for filing proofs of pre-petition claims and did not file a timely proof of a claim for damages arising from any pre-petition employment-related harassment. The bankruptcy court's decision as to pre-petition claims is not challenged by any party on appeal.

4

## LEGAL STANDARD

This Court reviews the bankruptcy court's factual findings for clear error and legal determinations *de novo*. *In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998); Fed. R. Bankr. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous."). The bankruptcy court's decision not to hold Nazir in contempt is subject to an abuse of discretion standard. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999) ("A district court's decision on a contempt petition is discretionary in character and is not to be reversed except for an abuse of such discretion or unless clearly erroneous."). A court's power to hold a party in contempt is exercised only when (i) the party failed to comply with a clear and unambiguous order; (ii) proof of noncompliance is clear and convincing, and (iii) the party has not diligently attempted to comply in a reasonable manner. *In re Chief Executive Officers Club*, 359 B.R. 527, 535 (Bankr. S.D.N.Y. 2007).

## ANALYSIS

### United's Appeal

*Discharge Under 11 U.S.C. § 1141(d)*

United first argues that the bankruptcy court erred in ruling that Nazir was not barred from pursuing post-petition claims on the basis of 11 U.S.C. § 1141(d). This ruling by the bankruptcy court is a legal determination that is reviewed *de novo*.

According to United, the discharge provision of the Bankruptcy Code could not be more clear that once a debtor's plan of reorganization is confirmed, all claims against the debtor arising from conduct occurring before confirmation are discharged unless

otherwise provided in the plan, the order confirming the plan, or elsewhere in Section 1141(d)(1).

11 U.S.C. § 1141(d) provides:

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, *the confirmation of a plan –*

(A) *discharges the debtor from any debt that arose before the date of such confirmation,* and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not –

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan; and

(B) terminates all rights and interests of equity security holders and general partners provided for by the plan.

11 U.S.C. § 1141(d) (emphasis added).[2]

United cites numerous cases (as it did before the bankruptcy court) holding that employment discrimination claims by employees arising from conduct occurring prior to confirmation are discharged on the date of confirmation pursuant to 11 U.S.C. § 1141(d)(1). *See* United Br. at 12; United Rep. at 1 (citing among other cases, *McSherry v. TWA, Inc.*, 81 F.3d 739 (8th Cir. 1996) (affirming dismissal of ADA claim filed after confirmation on the basis of discharge under 11 U.S.C. § 1141(d)); *O'Loghlin v. County of Orange*, 229 F.3d 871 (9th Cir. 2000) (ADA claim arising from

---

[2] There is no dispute that Nazir's claims were not otherwise provided for in the Plan, the order confirming the Plan, or elsewhere in Section 1141.

6

pre-discharge conduct of debtor barred); *Cross v. K.B. Toys*, Case No. 05 CV 6137, 2006 WL 2437831 (N.D. Il. Aug. 22, 2006) (post-petition ADA claim filed after confirmation discharged).

United contends the only way to read 11 U.S.C. § 1141(d) and 28 U.S.C. §959(a) together so as to give the terms of both statutes full effect is to find that all pre-confirmation claims are discharged upon confirmation unless the debtor's plan explicitly preserves such claims and the claim is filed prior to confirmation.

The bankruptcy court rejected United's argument that § 1141(d) of the Bankruptcy Code barred Nazir from pursuing his post-petition employment discrimination claim in state court, stating: "[T]here is no reason why a Chapter 11 plan should not preserve litigation rights under § 959(a) by providing that administrative claims within the scope of that section be paid in amounts allowed through adjudication in a nonbankruptcy forum." (A569.) The bankruptcy court held that Nazir was permitted to adjudicate his post-petition claims in state court as allowed by § 959(a) unless United's Plan expressly prevented adjudication of administrative claims pursuant to § 959(a). (A570.)

United contends the ruling of the bankruptcy court that Nazir may pursue his claims under § 959(a), despite discharge upon confirmation under 11 U.S.C. § 1141(d), is incorrect. Neither the bankruptcy court nor Nazir has cited a case holding that 28 U.S.C. § 959(a) preserves the right to sue a debtor for post-petition conduct that is *discharged* by confirmation under 11 U.S.C. § 1141(d)(1). In contrast, United has cited ample authority, including decisions of several Circuit courts, indicating that pre-

confirmation employment discrimination claims are barred by discharge under §1141(d)(1). (United Mot. at 12; Rep. at 1.) Indeed, as United points out, in the case the bankruptcy court itself cited in its initial oral ruling denying United's motion, *Williams v. K-Mart Corp.*, 304 F. Supp.2d 1309, 1312 (M.D. Ala. 2004), the court ultimately held on reconsideration that an employment discrimination lawsuit brought after confirmation was barred by § 1141. On reconsideration, the *Williams* court stated:

> [T]he court ... concludes that allowing this lawsuit to proceed because it was properly filed in this court under § 959(a) would constitute an extension of the statute with no evidence of Congressional intent in the statutory language to support such an extension. Under the plain language of 11 U.S.C. § 1141(d), the Plaintiff's claim was discharged upon confirmation of the reorganization plan, and there is no exception in § 1141 which would cover this pending employment discrimination lawsuit.

*Williams v. K-Mart Corp.*, Case No. 03-A-239-N, slip op. at 2-3 (M.D. Ala. June 14, 2004) (attached at A542-45.). The Court agrees with this reasoning in *Williams*.[3]

Therefore, here, once United's Plan was confirmed, under the plain language of § 1141(d)(1) and case law on point, United was discharged from all claims based on conduct occurring prior to confirmation, except as otherwise provided in the Plan or in

---

[3] In *Barton v. Barbour*, 104 U.S. 126 (1881), the Supreme Court announced a common-law rule that a lawsuit brought against a railroad receiver for negligent operation of the railroad during the receivership could not be prosecuted without leave of the receivership court. Section 959(a) codified a limited exception to this common-law rule, allowing creditors to pursue cases based on certain conduct occurring during a bankruptcy case. *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004). However, neither *Barton* nor Section 959(a) addressed the concept of discharge or whether a creditor can seek redress in another court after confirmation, a concept which is addressed in 11 U.S.C. § 1141(d)(1).

8

the order confirming the Plan. 11 U.S.C. § 1141(d)(1). Accordingly, the ruling of the bankruptcy court holding that Nazir was authorized by 28 U.S.C. § 959(a) to file a lawsuit against United in California state court for employment discrimination allegedly occurring prior to the date of confirmation is in error and is reversed.

*Notice*

However, as noted above, in addition to finding that § 959(a) allowed Nazir to file and pursue his employment discrimination claim in state court after confirmation, the bankruptcy court also found that Nazir was not bound to the Plan (which proposed to extinguish the right to adjudicate claims in local courts under § 959(a) and stated that administrative claims must be served upon counsel to the debtor by the Administrative Claim Bar Date) because United did not provide Nazir with constitutionally adequate notice of the Plan confirmation hearing and the Administrative Claim Bar Date. (A575.)

There is no dispute as to the facts regarding the notice United provided to Nazir,[4] nor is there any dispute that a confirmation order cannot act to discharge a claim unless the claimant received adequate notice of the bankruptcy proceeding and any claim bar dates. *See In re Big O Movers & Storage*, 326 B.R. 434, 435 (Bankr. N.D. Ill. 2005). United appeals the bankruptcy court's determination that its notice to Nazir was legally inadequate to bind Nazir to the Plan. This issue is also a legal question that is reviewed *de novo*.

On September 7, 2005, a month before Nazir filed his employment discrimination complaint, United's solicitation agent notified Nazir of the initially scheduled hearing on

---

[4] The facts as to notice were set forth in the decision of the bankruptcy court at A560-561.

the adequacy of a disclosure statement for a proposed Joint Plan of Reorganization. (A560.) United's notice informed Nazir that its Disclosure Statement and Plan had been filed and described where those documents could be found, either online at www.pd-ual.com or by contacting United's solicitation agent for a hard copy. (A23-28.)

On October 27 and 28, 2005, after the court approved an amended version of the disclosure statement, United's solicitation agent provided over 50,000 copies of the disclosure statement and an amended Plan to parties entitled to notice, together with information regarding the hearing on Plan confirmation and deadlines for objecting to and voting on the Plan. This notice stated that December 12, 2005 was set as the deadline for objections to Plan confirmation. Nazir was not among those who received this notice and was not given any other personal notice regarding Plan confirmation.

As noted, confirmation of the Plan occurred on January 20, 2006. The Plan stated that requests for payment of administrative claims must be filed by the Administrative Claim Bar Date, which was defined as 30 days after the Plan's effective date. February 1, 2006 was chosen as the effective date; therefore, the Administrative bar date was March 3, 2006, after which time a request for payment on any administrative claim was barred. (A561.)

On January 27, 2006, United's solicitation agent served a "Notice of Entry of Confirmation Order and Other Key Relevant Dates" on more than 130,000 parties. This notice indicated that the effective date of the Plan was anticipated to be February 1, 2006; further notice would be given if a different effective date were specified; the bar date for filing requests for payment of administrative claims would be 30 days after the effective

10

date; and Article XI.D of the Plan provided further information about administrative claims. United also did not serve this notice on Nazir, and he received no other notice of the Administrative Claim Bar Date. (A561.)

The bankruptcy court held that Nazir was not given constitutionally adequate notice under *Mullane v. Central Hanover Bank & Trust Co*, 339 U.S. 306, 314 (1950), either of the hearing on confirmation of United's Chapter 11 plan or of the administrative claims bar date established by the Plan. The bankruptcy court noted that Nazir was not given personal notice of those matters – as thousands of others had been – despite United's prior receipt of Nazir's employment discrimination claim, and United had made no showing that individual notice to Nazir would have been impractical. The bankruptcy court rejected United's argument that the notice Nazir received concerning the adequacy hearing was sufficient. United argued that had Nazir read the disclosure statement referenced in the notice of the adequacy hearing that was served on him, he would have learned about the hearing on confirmation, the objection deadline and the administrative claims bar date. The bankruptcy court found "several problems" with this argument: first, "[t]he notice did not instruct Nazir to read the proposed disclosure statement and plan; it merely noted the availability of those documents"; second, "the notice gave no indication that information regarding plan confirmation or administrative claims could be found in the disclosure statement"; and third, "and most important, the disclosure statement referenced in the notice could not reasonably have been relied on because the court had not yet approved it." (A573.) The court found that a non-expert like Nazir reasonably would have waited to receive a court-approved disclosure statement before

11

studying it.

Thus, the bankruptcy court held that the notice of the adequacy hearing United served on Nazir was not "reasonably calculated" under the circumstances as required by due process to inform him of the deadline for objecting to plan confirmation or the administrative claims bar date. (A573.) The bankruptcy court adhered to the majority rule that a creditor's mere knowledge of a debtor's impending bankruptcy proceeding is insufficient notice to the creditor of a confirmation hearing.

In challenging this determination of the bankruptcy court, United makes the same arguments it made before the bankruptcy court and relies on essentially the same authority. However, the bankruptcy court thoroughly and accurately addressed United's arguments and authority and found that the notice United provided to Nazir was constitutionally insufficient under the circumstances. Further, the bankruptcy court reasonably concluded that the notice of adequacy hearing served on Nazir was not constitutionally sufficient notice of the confirmation hearing and the administrative bar date under these circumstances. Accordingly, the determination of the bankruptcy court as to the adequacy of notice to Nazir is affirmed.

## Nazir's Cross-Appeal

This leaves Nazir's cross-appeal. Nazir asserts that "[i]f this Court were to decide that Nazir had received adequate notice of the Plan and the bar date for filing administrative claims, or determines that Nazir's and the bankruptcy court's analysis of Section 959(a) is incorrect, then it will be necessary to decide the merits of Nazir's cross-appeal," (Nazir Br. at 27), *i.e.*, that the bankruptcy court erred in finding that United

12

could include a provision in its Plan preventing adjudication of administrative claims pursuant to 28 U.S.C. § 959(a). Nazir asserts:

> Here, Article XI.D of the Plan prevented creditors from adjudicating their claims under Section 959(a). The Bankruptcy Court observed that, "[a] plan purporting to prevent a party with a § 959(a) claim from adjudicating the claim outside of bankruptcy court would contradict the right accorded by § 959(a) *and so would at least appear to employ a means forbidden by law*." (A570) (emphasis supplied). Despite this finding, the Bankruptcy Court nevertheless held that the Plan would be binding on Nazir had he received appropriate notice because there had been no objection expressed to the offending release language. *Id.*
>
> This holding was clear error and should be reversed.

Nazir Br. at 28.

Nazir, however, did not raise an argument before the bankruptcy court that United's Plan employed a means forbidden by law by preventing a party from adjudicating § 959(a) claims outside of bankruptcy court and cannot now raise the argument on appeal. *See In re Worldwide*, 139 F.3d 574, 582 (7th Cir. 1998) ("Arguments not presented to the bankruptcy court are waived on appeal."); *Matter of Weber*, 25 F.3d 413, 416 (7th Cir. 1994) ("that argument was never presented to the bankruptcy court, and [appellants] have therefore waived it").

## CONCLUSION

For the reasons stated above, the decision of the bankruptcy court is reversed insofar as the bankruptcy court ruled that Nazir's post-petition, pre-confirmation employment discrimination claims were not barred by discharge under 11 U.S.C.

13

§1141(d). The decision of the bankruptcy court is otherwise affirmed. This matter is hereby remanded to the bankruptcy court for the bankruptcy court to determine what, if any, impact this ruling has on the bankruptcy court's decision to deny United's motion for sanctions.

Date: October 29, 2008

JOHN W. DARRAH
United States District Court Judge